(115 App. Div. 174)

### McKEAND v. LOCKE.

(Supreme Court, Appellate Division, First Department.   October 19, 1906.)

DISCOVERY—EXAMINATION OF ADVERSARY BEFORE TRIAL.

In the absence of bad faith or abuse of process, a party to an action is entitled to examine his adversary before trial as to facts which are material to the issue and of which he has knowledge, and take his deposition for use on the trial, even though such party might procure the evidence from other persons or could subpoena his opponent for the trial.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 49–54.]

Appeal from Special Term, New York County.

Action by William B. McKeand against Charles B. Locke. From an order vacating an order for examination of plaintiff, defendant appeals. Reversed, and order for examination reinstated.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Louis F. Doyle, for appellant.

Edgar J. Nathan, for respondent.

PER CURIAM. This order must be reversed and the order for the examination of the plaintiff reinstated on the authority of Goldmark v. U. S. Electric-Galvanizing Company, 111 App. Div. 526, 97 N. Y. Supp. 1078, recently decided by this court. That decision sweeps away many technical rules which were fast growing up in the practice of examining one's adversary before trial, and establishes the rule for this department, that, in the absence of bad faith or abuse of process, a party to an action is entitled to examine his adversary before trial as to facts which are material to the issues and of which he has knowledge, and take his deposition for use on the trial, and that it is no answer to such application that the party making it can procure the evidence from other persons or could subpœna his opponent for the trial.

This decision was not called to the attention of the learned judge who presided at the Special Term, as it was not then published. An observance of it, however, in the future by attorneys, will save many needless motions and appeals.

The order is reversed, with $10 costs and disbursements, and the order for examination of plaintiff reinstated.