(53 Misc. Rep. 110)

### TURCK v. CHISHOLM et al.

(Supreme Court, Special Term, New York County.  February, 1907.)

DISCOVERY—EXAMINATION OF ADVERSE PARTY.

    An order to examine an adverse party before trial will not be vacated because such party is a resident of the county and intends to be present at the trial, and the applicant can procure the information desired from other parties, and the adverse party denies knowledge of the facts sought to be elicited.

Action by Solomon Turck against Stewart H. Chisholm and others. On motion to vacate an order for an·examination of two of the defendants before trial. Denied.

Meighan & Necarsulmer (S. Untermeyer, John A. Garver, and Henry Necarsulmer, of counsel), for plaintiff.

Howland, Murray & Prentice (George W. Murray, of counsel), for D. O. Mills.

Harry R. Kohn, for M. J. O'Shaughnessy.

LEVENTRITT, J. This action was brought to recover damages sustained by the plaintiff in the purchase by him of stock of the American Grass Twine Company, which purchase was induced by certain false representations alleged to have been made by the defendants. An order made for the examination before trial of two of the defendants, former directors of the company, is now sought to be vacated on many grounds. The alleged false representations were: (1) That the entire capital stock of $15,000,000 was issued as fully paid, when in reality it was issued for property worth less than $250,000. (2) The announcement that four quarterly dividends during the year 1902 were paid out of profits, when as a fact they were paid out of capital. (3) Issuing to stockholders and causing to be published statements to the effect that the company had earned and was earning net profits exceeding the amount of those dividends. (4) Inflating on the books of the company the valuation of its plants and assets for the purpose of creating an apparent surplus.

After detailing the facts required by section 872 of the Code of Civil Procedure, the plaintiff, in his affidavit, in compliance with rule 82 of the general rules of practice, states that the examination is material and, necessary, in that he expects thereby to prove: (1) The fact that the defendants issued to themselves as fully paid the $15,000,000 of stock for property which they knew to be worth less than $250,000; (2) the discussions had at meetings of the board of directors in January, 1902, at which the valuation of the plants and other assets was increased so as to show the apparent surplus; (3) the proceedings and discussions which led to the declaration of the four quarterly dividends; (4) the statements made under the direction of the defendants to the Stock Exchange in order to obtain the listing of the stock; and (5) facts affecting the value of the stock within the knowledge of the defendants when they declared the dividends.

The contention first raised as a ground for vacating the order, that the defendants are residents of this county, are amenable to service of process, and intend to be present at the trial, is untenable. The right given by the Code is absolute, and may be exercised at any time before or during the trial. It is not an answer to say that a party may be subpœnaed or even that he stipulates to be present at the trial. Commercial Pub. Co. v. Beckwith, 57 App. Div. 574, 68 N. Y. Supp. 600. The object of the statute is to enable a party to obtain the testimony of his adversary before trial, so that it may be used on the trial. The information desired by the plaintiff, and which will be necessary to the establishment of his cause of action, is to be deduced from many

proceedings and events which are, to some extent at least, within the knowledge of the defendants, and the precise nature of which must be searched out and determined to enable the plaintiff to properly present his case. Were he, on his adversary's stipulation to attend, remitted to the time of the trial to elicit and piece together the information required, not only would he be deprived of the beneficial results contemplated by the statute, but he might, by reason of the defendants' nonattendance, be seriously prejudiced. The examination cannot be resisted on the ground that the plaintiff can procure the required evidence from other persons. McKeand v. Locke, 100 N. Y. Supp. 704, 115 App. Div. 174. The statute authorizes a party to examine his opponent where his testimony will tend to prove a necessary fact, and he is not required to show that the fact cannot be proved by other witnesses. "Where an issue of fact is presented to be determined upon the trial of the action, and where it appears that a party to the action has knowledge of facts which are material in the determination of that issue, either party to the action under these provisions of the Code is entitled to examine such a party and have his deposition taken for use at the trial." Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 529, 97 N. Y. Supp. 1078.

Denial of knowledge cannot assist the defendants. If they have no knowledge of the matters embraced in the order for their examination, they have only to assert their ignorance on the hearing. If they have such knowledge, the plaintiff is entitled to it. If this were not the meaning of the statute, a mere denial of knowledge would defeat its operation. Further, the mere allegation of the defendants that the plaintiff is as fully acquainted with the facts as they cannot defeat the examination, in the face of the plaintiff's assertion to the contrary, especially when such assertion is supported by the surrounding circumstances and the significant fact that the plaintiff's connection with the corporation began long after the occurrence of the alleged fraudulent acts. There is no force to the objection that the plaintiff, as an officer of the company at one time, had access to the books. Thomas v. Waite Co., 113 App. Div. 494, 99 N. Y. Supp. 297. But disregarding the broad effect given to the statute, and assuming that the plaintiff availed himself of that opportunity, it cannot be seriously contended that the information necessary to establish certain of the false representations could be derived from the entries in the books. The authorities called to my attention by the defendants, and which emphasized the importance of technical rules, have been superseded by recent decisions facilitating, instead of obstructing, the examination of one's adversary before trial. McKeand v. Locke, supra; Goldmark v. U. S. Electro-Galvanizing Co., supra. In the latter case the court, by Ingraham, J., says:

"Where there is no doubt of the good faith of a party to a litigation seeking to establish a fact essential to his cause of action by the testimony of his opponent, I can see no reason why a party is not entitled to have the knowledge of his opponent as to the fact which he wishes to establish put upon record, so that the evidence of that fact would be available to either party to the action when the trial takes place. It is not the duty of a court of justice to suppress the facts or throw obstacles in the way of either party in establishing the truth."

· The defendants' charges of bad faith on the part of the plaintiff are mere conclusions, which are not only unsupported by any evidence, but are negatived by the facts disclosed. The motions to vacate must be denied with $10 costs to plaintiff on each motion.

Motions denied, with $10 costs to plaintiff on each motion.