(52 Misc. Rep. 641)

### EHRICH v. WINTER & CO.

(City Court of New York, Special Term. February, 1907.)

DISCOVERY—EXAMINATION BEFORE TRIAL—APPLICATION.

In an action to recover rent due for a space in a department store, defendant alleged that he rented on plaintiff's false representations as to the number of its customers and had paid plaintiff a large sum for advertising in excess of the proper charge therefor, under his contract. *Held*, that defendant was entitled to examine plaintiff before trial as to its business, accounts with customers, and advertising, where the application fairly showed that defendant intended to use the evidence on the trial, though such fact was not stated in his affidavit in express terms, and where an officer of defendant made an affidavit that he was advised by defendant's attorneys that the examination was material.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 68–70.]

Action by Jules S. Ehrich against Winter & Co. Motion to vacate an order for examination of plaintiff. Motion denied.

Guggenheimer, Untermeyer & Marshall, for plaintiff.
Wentworth, Lowenstein & Stern, for defendant.

WADHAMS, J. Motion is made to vacate an order for examination of plaintiff on the grounds that it appears upon the face of the papers (1) that defendant is not entitled to an examination in support of its counterclaims; (2) the examination is not material or necessary; (3) the affidavit is defective in not showing that defendant intends to use the plaintiff's deposition upon the trial; and (4) in not showing advice of counsel that the examination is material and necessary.

The moving papers are, in my opinion, sufficient to sustain the order. In McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704, the court, citing Goldmark v. U. S. Electro Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, said:

"That decision sweeps away many technical rules which were fast growing up in the practice of examining one's adversary before trial, and establishes the rule for this department that in the absence of bad faith or abuse of process a party to an action is entitled to examine his adversary before trial as to facts which are material to the issues, and of which he has knowledge, and take his deposition for use on the trial, and that it is no answer to such application that the party making it can procure the evidence from other persons, or could subpœna his opponent for the trial."

The action is for an alleged balance of rent for space in plaintiff's department store, alleged to have been rented to defendant for a piano department. The answer admits that defendant undertook to pay rent, entered into possession, and conducted a piano department therein, but alleges several defenses, and that defendant was induced to enter into the agreement by representations of plaintiff as to the number of charge customers he had and as to the business he was doing; that defendant agreed to pay to plaintiff for advertising the wares of the piano department in such proportion as the space in the advertisement allotted to defendant's department bore to the entire advertisement, and, relying upon plaintiff's representations, paid to

plaintiff over $4,000 in excess of the proper charge. The defendant prays for judgment dismissing the complaint and judgment against plaintiff for $2,000.

The facts concerning plaintiff's business, charge accounts, and advertising are peculiarly within the knowledge of the plaintiff. In the Goldmark Case the court says:

"Where an issue of fact is presented to be determined upon the trial of the action, and where it appears that a party to the action has knowledge of facts which are material in the determination of that issue, either party to the action, under these provisions of the Code, is entitled to examine such a party, and have his depositions taken for use at the trial."

The affidavit does not state in express terms that defendant intends to use the evidence upon the trial, but it fairly appears that such is its intention. This is all that is required. Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 166, 80 N. Y. Supp. 529; McCormack v. Coddington, 98 App. Div. 13, 90 N. Y. Supp. 218; Whitney v. Rudd, 100 App. Div. 492, 91 N. Y. Supp. 429. The application appears to be made in good faith, and the rights of the defendant may be safeguarded by properly limiting the scope of the examination to the issues presented. The advice of counsel is sufficiently stated. There is not only an affidavit of merits, but the affidavit also shows that deponent, who is an officer of the defendant corporation, is advised by defendant's attorneys, not only that the examination is material and necessary, but also that it would be unsafe and imprudent to proceed to trial without such examination.

Motion denied, with $10 costs.