(53 Misc. Rep. 253)

### MERRILL & BAKER v. WOOLWORTH.

(Supreme Court, Appellate Term. March 14, 1907.)

DISCOVERY—NATURE OF REMEDY—FACTS AS TO DEFENSE.

    After issue joined, an examination of defendant before trial should be limited to the purpose of proving plaintiff's case as set forth in his complaint, and not of obtaining information as to facts on which the defense is based or of enabling plaintiff to prepare for trial.

Action by Merrill & Baker against Helena Woolworth. Appeal from order for examination of defendant before trial and orders denying motions to vacate said orders. Reversed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

George Zabriskie, for appellant.
Peck & McCann, for respondent.

HENDRICK, J. The complaint in the action sets forth a specific agreement between the Grolier Society of New York, plaintiff's assignor, and Helena Woolworth, the defendant, for the purchase of a certain set of writings of Alexander Dumas. This agreement is specific in its terms, and upon it the plaintiff must stand or fall. The answer of the defendant admits that a contract was entered into between the parties mentioned, but denies that it was in the form set forth in the complaint. The affidavit upon which the plaintiffs based their application for an examination of the defendant before trial states:

"I may be surprised upon the trial by the production and proof of some other agreement, the performance of which I may, according to its terms, not be prepared to prove."

The affidavit further states that the deponent is informed by his counsel that the examination of the defendant at this time is necessary in order to properly prepare the case for trial and to prevent surprise thereon. It would appear, from an examination of all the papers on appeal, that this is an effort to discover evidence to be adduced by the defendant on the trial, in order to establish her defense to the allegations of the complaint. After issue is joined, an examination of the defendant before trial should be limited to the purpose of proving the plaintiff's case as set forth in his complaint. Such examinations are never allowed where the apparent and only object is to obtain information concerning facts upon which the defense is based. Neither are such examinations allowed merely for the purpose of enabling a party to prepare for trial. Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529. The cases are many and uniform in holding this doctrine.

The orders of December 5, 1906, and of December 13, 1906, denying the motion to vacate the order directing examination, should be reversed, and the order dated November 24, 1906, directing the examination of the defendant before trial, should be vacated, with costs and disbursements, and with $10 costs on appeal to this court. All concur.