CHERBULIEZ v. PARSONS.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL—STATUTES—CONSTRUC-
TION.

Code Civ. Proc. § 872, subd. 4, requires the affidavit for an order for
the examination of a party before trial to set forth "that the testimony
of such person is material and necessary," etc. Rule 82 of the general
rules of practice requires the affidavit to specify the acts and circumstan-
ces "which show that the examination of the person is material and
necessary." *Held*, the change of terminology from "testimony" in the
section to "examination" in the rule does not change the meaning.

2. SAME—EVIDENCE—MATERIALITY.

Under Code Civ. Proc. § 872, subd. 4, and General Rules of Practice,
rule 82, requiring the affidavit for the examination of a party before trial
to show that the testimony of such person is "material and necessary,"
the evidence of defendant, sued for riding over plaintiff's ward, is none
the less material and necessary because there were several other wit-
nesses who could testify to the facts.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, p. 4406.]

3. SAME—AFFIDAVIT—CONTENTS.

It is unnecessary, in an affidavit for the examination of a party before
trial under section 872, Code Civ. Proc. and rule 82 of the general rules of
practice, to mention any specific fact as to which the examination is
wanted; a party having the right to examine his adversary on all the
facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 68–
70.]

4. SAME—GROUNDS FOR TAKING.

Where, in an action for injuries to plaintiff's ward, the affidavit for
the examination of defendant before trial, beside containing all the re-
quirements of section 872, Code Civ. Proc., and rule 82 of the general rules
of practice, showed that the ward had lost her reason from the injuries
received and could not testify, an additional reason was shown why de-
fendant should be examined.

5. SAME—OBJECTIONS.

That the examination of defendant before trial is an attempt to ascer-
tain whether the plaintiff has any case is not a valid objection to the ex-
amination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 49–
51.]

Appeal from Special Term, Kings County.

Action by Alice K. Cherbuliez, as committee of the person and prop-
erty of Adele Cherbuliez, against Robert E. Parsons. From an order
vacating an order for the examination of defendant before trial, plain-
tiff appeals. Order reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR.
and MILLER, JJ.

Herbert Barry (Henry B. Short, Jr., on the brief), for appellant.
Stephen O. Lockwood, for respondent.

GAYNOR, J. The complaint alleges that the defendant negligently
drove his horse against and upon the ward of the plaintiff, a young
lady, in the street. The said ward has been adjudged mentally incom-

petent since the occurrence, and the action is brought by her committee. The answer is a general denial, except that it admits that the defendant was riding his horse at the time and place alleged in the complaint. The affidavit upon which the order for the examination of the defendant was obtained contains all the requirements prescribed by section 872 of the Code of Civil Procedure and rule 82 of the general rules of practice. Subdivision 4 of the said section requires the affidavit to set forth "that the testimony of such person is material and necessary for the party making such application, or for the prosecution or defence of such action," and it does so; and the said rule requires the affidavit to "specify the acts and circumstances" which show that the "examination of the person is material and necessary." The change of terminology from "testimony" in the said section to "examination" in the said rule does not change the meaning and may have been inadvertent.

That the defendant was present and saw what happened certainly makes his evidence material, and inasmuch as what occurred has to be proved, it is proper to take it before trial if it be necessary. The interpretation of the learned justice below is that the testimony of an adverse party is not necessary if the facts can be testified to by some one else, and he points out that the affidavit is therefore deficient for not stating that the plaintiff has no other witness. This is erroneous; the necessity of the evidence does not depend on whether there be other witnesses on the same head. McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704. It may well be that there are cases in which the testimony sought, though material, would not be necessary, for the reason (for instance) that it is made to appear that the issue upon which it is material is conceded to the party seeking the testimony, or that the fact it is to prove is provable by incontrovertible documentary evidence, or is of a character which requires only formal proof which the party already has, and is obviously not to be disputed after that is supplied, or the like. In such cases the opposite party does not need to be inconvenienced by an examination. The learned justice also regards the affidavit as deficient for not mentioning "any specific fact in connection with the accident" as to which the examination is wanted. It is not necessary that an examination should be restricted to a specific fact; on the contrary, a party has the right to examine his adversary on all of the facts. Here the intention is to examine the defendants as to all of the facts—whether his horse ran into the ward of the plaintiff, whether it stepped on her, and every detail of the occurrence. That the ward has lost her reason from the injuries received, as the affidavit states, and cannot testify, is an additional reason, if any were necessary, why the defendant should be examined. The learned justice also says that defendants must be protected from examinations which are an attempt to ascertain whether the plaintiff has any case. There is nothing in this. It is easy to magnify objections. What is the examination of all witnesses by the plaintiff, whether before or at the trial, but an attempt to ascertain whether the plaintiff has a case?

We have recently dealt with this subject, and it suffices that we call attention to what we then said. The provisions for the examination of parties before trial are no longer to be curtailed and frustrated by

technicalities and exaggerated reasons. They are valuable aids in the ascertainment of the truth. They are not complex but simple, and those who substantially comply with them are no longer to be harassed and thwarted by the mass of technical and minute decisions which have accumulated in respect of them. Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324; Donaldson v. Brooklyn Heights R. Co., 119 App. Div. 513, 104 N. Y. Supp. 178; Goldmark v. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704.

.. The order should be reversed and the motion to vacate denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.