NORTHERN INS. CO. OF NEW YORK v. WOOD et al.

(Supreme Court, Special Term, New York County.   June, 1909.)

1. DISCOVERY (§ 36*)—EXAMINATION OF PARTY BEFORE TRIAL—PURPOSE.

The only purpose for which a party's examination before trial can be had is to establish the case or defense of the moving party.   It cannot be used to obtain information concerning the adversary's case or to enable the moving party to prepare to meet it at the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49;  Dec. Dig. § 36.*]

2. DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL.

Where, in an action by an insurance company to recover premiums alleged to have been collected by defendants in the course of their agency, less certain credits, the answer contained various denials, a defense, and counterclaims, to which plaintiff replied, plaintiff was only entitled to examine defendants before trial on the matters alleged in the complaint, which were denied by the answer, and on any new matter contained in the reply.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53;  Dec. Dig. § 40.*]

Action by the Northern Insurance Company of New York against one Wood and another.   On motion to vacate plaintiff's order for defendants' examination before trial.   Modified.

Leo Levy, for plaintiff.

W. Benton Crisp, for defendants.

GUY, J.   The defendants move to vacate an ex parte order for their examination by the plaintiff before trial, or for such other or further relief as may be just.   The action is brought to recover from the defendants, who were formerly the agents of the plaintiff, certain insurance premiums, alleged to have been collected by the defendants in the course of their agency, less certain credits for commissions and other items of expenses and offsets.   The answer consists of various denials, a defense, and four counterclaims, to which the plaintiff has replied.   The order directs the defendants to appear on a day named and "submit to an examination concerning the matters relevant to the issues in this action."   After reciting the condition of the action and the substance of the pleadings, the affidavit upon which the order was granted continues:

"It will be necessary, and is necessary, for the plaintiff to have information concerning the defenses raised by the aforesaid answer and the counterclaims therein set forth as to the following matters."

Then follow particulars of the various matters in the defense and counterclaims upon which information is sought.   An examination upon various other matters is also sought.   While the later decisions

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have done away with the refinements and technicalities which formerly surrounded the taking of the deposition of a party before trial (Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321), it is still true that the only purpose for which such an examination can be had is to establish the case or defense of the moving party. It cannot be used merely to obtain information concerning the adversary's case and to enable the moving party to prepare to meet it at the trial. Merrill & Baker v. Woolworth, 53 Misc. Rep. 253, 103 N. Y. Supp. 57. This must be done, if at all, by requiring a bill of particulars. Dudley v. N. Y. Filter Co., 80 App. Div. 164, 80 N. Y. Supp. 744; Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308. I think the plaintiff is entitled to an order for an examination of the defendants upon all the matters alleged in the complaint which are denied by the answer, and upon any new matter contained in the reply, but upon no other matters.

The order should be modified accordingly, without costs. Settle order on notice.