(143 App. Div. 271.)

CURRAN v. OPPENHEIMER et al.

(Supreme Court, Appellate Division, First Department.   March 10, 1911.)

DISCOVERY (§ 32*)—EXAMINATION BEFORE TRIAL—GROUNDS,

A plaintiff, who sets forth the facts necessary to an order for the examination of a defendant before trial, is entitled to the examination, though defendant has made admissions in his answer, since plaintiff need not accept the statement of defendant's knowledge or lack of knowledge averred in the answer.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig. § 32.*]

Appeal from Trial Term, New York County.

Action by Robert I. Curran against August Oppenheimer and others. From an order vacating an order for examination of defendant Oppenheimer before trial, plaintiff appeals. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

A. S. Andrews, for appellant.
E. G. Kremer, for respondent.

DOWLING, J.  The order for the examination of the defendant Oppenheimer was made upon affidavits showing the necessity and materiality of the matters upon which examination was sought, not only in support of the allegations of the complaint, and to disclose proof relevant thereto, but to avoid an alleged defense set up by Oppenheimer, who alone has been served with the summons herein.  It also is averred that the plaintiff intends to use the testimony thus elicited upon the trial of the action.

Defendant resists this examination for the reason, among others, that he has made certain admissions in his answer, because of which no examination should be had.  But we are of opinion that plaintiff is not bound to accept the statement of defendant's knowledge or lack of knowledge as therein contained, but is entitled to the examination, having in all respects set forth the facts necessary to entitle him thereto.

The order vacating and setting aside the order for defendant's examination must therefore be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs, and the examination reinstated; time of examination to be fixed on settlement of order.  All concur.

