TISDALE LUMBER CO. v. DROGE et al.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. DISCOVERY (§ 40*)—EXAMINATION OF ADVERSARY—FACTS MATERIAL TO ISSUES.

Plaintiff's assignor furnished lumber to E. and R., who were under contract to build a house for defendant, and filed a mechanic's lien therefor. Plaintiff also acquired by assignment the claim of E. and R. against defendant for work and material. E. and R. having failed to complete the house, defendant finished it, as permitted by the contract. Plaintiff alleged two causes of action, one for money judgment for the claims of E. and R., another for foreclosure of the lien, alleging defendant's completion of the contract was at a small expense, which defendant denied. *Held*, that such completion and the cost were affirmative parts of plaintiff's action, and he was entitled to examine defendant before trial.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 40.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Discovery (§ 32*)—Examination of Adversary—Application—Imposition of Terms.

Where the motion for examination of adversary before trial complies with Code Civ. Proc. § 872, and Gen. Rules Prac. 82, the court may not impose additional requirements.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 32.*]

3. Discovery (§ 44*)—Examination of Adversary Before Trial.

That movant for examination of adversary before trial can subpœna him as a witness, or that he will stipulate to be present at trial, is not ground for refusing the motion.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 57, 58; Dec. Dig. § 44.*]

4. Mechanics' Liens (§ 254*) — Set-Off — Completion of Building by Owner.

Where a materialman sought to enforce his lien, and also asserted a claim assigned to him by the contractors and builders, and defendant had completed the building on failure of the builders, defendant was not necessarily entitled to an allowance of all he actually expended in the completion, but only to such sum as was necessarily expended in completing the building according to the contract.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 447–448; Dec. Dig. § 254.*]

5. Discovery (§ 32*)—Examination of Adversary—Waiver—"Bill of Particulars."

As facts admitted in a pleading do not deprive the other party of his right to examination before hearing of the party making the admissions, and as a "bill of particulars" is an extension of the complaint or answer, and is a part of the pleading, a party asking for a bill of particulars does not lose his right to examine his adversary before trial.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 1, pp. 795–797; vol. 8, p. 7590.]

Appeal from Special Term, Queens County.

Proceedings by the Tisdale Lumber Company against Harman G. Droge and others. From an order vacating an order requiring defendant Droge to submit to an examination, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Easton S. Bacon, for appellant.
George A. Gregg, for respondents.

RICH, J. The defendants Etherington and Ross entered into a contract with the defendant Droge for the erection of a dwelling house. Plaintiff's assignor, Tisdale, furnished lumber to the contractors, which was used in the building, and has filed a mechanic's lien for the unpaid balance of the purchase price. He also sued Etherington and Ross at law for this lumber, and obtained a money judgment. Tisdale later assigned both the lien and judgment to the plaintiff, who also acquired by assignment the claim of Etherington and Ross against Droge for material and labor. Etherington and Ross failed to complete the building within the time limited by their con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract, and Droge thereupon terminated the same, and completed the
house at their expense, pursuant to the provisions of the contract.
Two causes of action are alleged in the complaint, the first for a
money judgment upon the claim of Etherington and Ross, and the
second for the foreclosure of the mechanic's lien. Substantial per-
formance of the contract is alleged. It is also alleged that the de-
fendant Droge completed the contract at an expense of not to exceed
$100. Both of these allegations are denied by the defendant Droge,
who alleges an actual expenditure in the completing and finishing of
the building of $1,105.79. It is as to the cost of the completion that
the plaintiff seeks an examination of the defendant Droge before trial.

[1, 2] The completion of the building by Droge on account of the
contractors Etherington and Ross, and the cost thereof, must be
shown as a part of the plaintiff's affirmative case. Martin v. Flahive,
112 App. Div. 347, 98 N. Y. Supp. 577. A party is entitled to a full
examination of his adversary before trial, upon facts which are ma-
terial to the issues (McKeand v. Locke, 115 App. Div. 174, 10 N.
Y. Supp. 704; Donaldson v. Brooklyn Heights R. R. Co., 119 App.
Div. 513, 104 N. Y Supp. 178); and where, as in this case, the mov-
ing papers comply with the requirements of section 872 of the Code
of Civil Procedure and with rule 82 of the General Rules of Prac-
tice, the court must not insist upon additional requirements (Shonts
v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324).

[3, 4] The fact that the applicant can subpœna the witness, or that
he will stipulate to be present at the trial and be sworn as a witness
in his own behalf, or that the evidence sought can be obtained through
other persons, is no answer to the application. Goldmark v. U. S.
Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078.
The plaintiff must prove the cost of completion of the building, and
it is important that it should be informed as to just what Droge did
in that respect, and what portion of material used and labor procured
by him is properly chargeable to the contract. Although Droge may
have expended in completing the building the full amount claimed,
it does not follow that all of that sum is a legal charge against his
contractors. He is only entitled to the benefit of such sum as was
necessarily expended in completing the building in accordance with
the requirements of the contract and specifications therefor, and the
plaintiff should be given the opportunity of learning from Droge, who
alone possesses such information, each item of labor and materials,
with the amount expended therefor.

[5] The plaintiff is not deprived of this right by his demand for
the bill of particulars served in this action, as it is limited to the state-
ment of the gross amounts said to have been paid workmen or con-
tractors, for repairing defects, and in the purchase of material. It
does not aid the plaintiff in determining the question of necessary cost
involved in the action. A bill of particulars is an extension of the
complaint or answer, and necessarily part of the pleadings, and in the
late case of Curran v. Oppenheimer, 143 App. Div. 271, 128 N. Y.
Supp. 9, it was held that the plaintiff was entitled to an examination
of the defendant, although the latter had made admissions and state-

ments in his answer of the facts as to which an examination was sought.

The order vacating the order for the examination before trial must be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. All concur.

---

## GORMAN v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. MASTER AND SERVANT (§ 190\*)—INJURIES TO MOTORMAN—"VICE PRINCIPAL"—STATUTES.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 190.\*

For other definitions, see Words and Phrases, vol. 8, pp. 7313–7316, 7827.]

2. MASTER AND SERVANT (§ 289\*)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for the death of a motorman, killed by being crushed between his car, in the rear of which he was standing while fixing it for the night in a car barn, and another car coming in behind his car, evidence *held* sufficient to go to the jury on the question of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.\*]

3. MASTER AND SERVANT (§ 229\*)—CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 674, 683; Dec. Dig. § 229.\*]

4. MASTER AND SERVANT (§ 289\*)—CONTRIBUTORY NEGLIGENCE—AVOIDANCE OF DANGER.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.\*]

5. MASTER AND SERVANT (§ 276\*)—CAUSE OF INJURY—EVIDENCE.

In an action for the death of a motorman, crushed between two cars in the car barns, evidence *held* to sustain a finding of the jury that the accident was caused by the failure of another motorman to turn off the power, on the power giving out as the car came into the barn.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 276.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes