James Venditt, Appellant, v. George Christians, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Carr, Rich, Stapleton and Putnam, JJ.

Hyman Zeitz and Isaac Tarshis, Respondents, v. Harry Cook, Appellant, Impleaded with Aaron Benjamin, Defendant.— Order vacating order for examination before trial reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The affirmative defense is a legitimate ground to examine a plaintiff before trial. Plaintiffs' relation to this bond and mortgage necessarily implies that they know how they took it with the guaranty, and hence that a plaintiff can give testimony that is material upon the issue whether or not they made it a cover for a usurious loan to the mortgagor. (*Anderson* v. *Lisman*, 130 App. Div. 134.) The grounds shown for such examination were sufficient. (*Tisdale Lumber Co.* v. *Droge*, 147 App. Div. 55; *Continental Securities Co.* v. *Belmont*, Id. 118; *Poole* v. *Means*, 144 id. 155.) Jenks, P. J., Carr, Rich, Stapleton and Putnam, JJ., concurred.

----

## FOURTH DEPARTMENT, JUNE, 1913.

Joseph Subczak, Respondent, v. American Locomotive Company, Appellant.— Judgment and order reversed and the complaint dismissed, with costs, including costs of this appeal. Held, 1. That the plaintiff failed to establish his freedom from contributory negligence. 2. That the finding of the jury that the defendant was guilty of negligence is contrary to and against the weight of the evidence. All concurred; Lambert, J., not sitting.

Herman J. Hilgendorf, Respondent, v. Lewis L. Jennings and Others, Appellants.— Judgment and order affirmed, with costs. All concurred.

Samuel Pecoraro, an Infant, by Martin Pecoraro, His Guardian ad Litem, Respondent, v. The Hanover Telephone Company, Appellant, Impleaded with Another.— Judgment and order affirmed, with costs. All concurred.

Rhoda Ordway, Respondent, v. Otto M. Ordway, Appellant.— Judgment and award of costs vacated and the case remitted to the trial court for the hearing and disposition of the issues other than those framed for submission to the jury, without costs of this appeal to either party. Held, that the direction of the trial court that the defendant's counterclaim be dismissed was equivalent to a direction that the jury find the