PUTNAM, J., not voting.

---

STEVENS v. WEYGANDT.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

DISCOVERY (§ 40*)—EXAMINATION OF DEFENDANT BEFORE TRIAL—LIMITATION.
    Plaintiff sued to recover an alleged loan, which was denied in the answer. Defendant was in plaintiff's employ when the loan was made, and had sole charge of improvements being made on plaintiff's premises, and at defendant's request plaintiff gave him $1,000, which she understood to be a loan to defendant, which was to be repaid. *Held*, that since plaintiff as a part of her main case must necessarily show that the money was a loan, and defendant was the only person by whom she could establish the fact that it was not advanced for plaintiff's benefit and used for the improvement of her property, she was entitled to examine defendant before trial; the examination being limited to the transaction between the parties resulting in the alleged loan.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

    Burr, J., dissenting.

Appeal from Special Term, Kings County.

Action by Anna Stevens against Arthur T. Weygandt. From an order vacating an ex parte order for the examination of defendant before trial, plaintiff appeals. Reversed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Julius Kendler and A. Joseph Geist, both of New York City, for appellant.

Fred L. Gross, of Brooklyn, for respondent.

RICH, J. The plaintiff appeals from an order of the Special Term, vacating an ex parte order for the examination of the defendant before trial. The action is brought to recover an alleged loan of $1,000, which is denied by the answer. The affidavit of the plaintiff, upon which the order for the examination was granted, was sufficient, and the order from which this appeal is taken was improperly made. It is shown, and not denied, that the defendant was in her employ at the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time the loan was made, and had the sole charge of alterations and improvements being made upon premises owned by her; that at defendant's request she gave him the $1,000, which she understood to be a loan to him, which was to be repaid.

As part of plaintiff's affirmative case, it is necessary that she should prove that the money which she delivered to the defendant was a loan, made upon his agreement, express or implied, to repay the same, and this distinguishes the case at bar from the authorities relied upon by the respondent. It seems that the defendant is the only person by whom she can establish this fact, and show that the money advanced was not in fact for plaintiff's benefit, and used in the improvement of her property. I think that the plaintiff is entitled to the examination of the defendant before trial (Tisdale Lumber Co. v. Droge, 147 App. Div. 55, 131 N. Y. Supp. 683; Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Richards v. Whiting, 127 App. Div. 208, 111 N. Y. Supp. 21; Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324; Donaldson v. Brooklyn Heights Railroad Co., 119 App. Div. 513, 104 N. Y. Supp. 178; Koplin v. Hoe, 123 App. Div. 827, 108 N. Y. Supp. 602; Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321), but that the examination should be limited to the transaction between the parties which resulted in the alleged loan.

The order must therefore be reversed, with $10 costs and disbursements, and the proceeding remitted to the Special Term to fix a day when the defendant shall appear for examination, under the original order of May 9, 1914. All concur, except BURR, J., who dissents.