LORETTA SWIFT, Plaintiff, *v.* GENERAL BAKING COMPANY and Another, Defendants.

Supreme Court, Monroe County, March 7, 1927.

Depositions — examination of defendants before trial — application to examine defendants as to circumstances of automobile accident in which plaintiff was injured — general examination of drivers of cars under Civil Practice Act, §§ 288, 289, granted where plaintiff must look to driver of each vehicle to show negligence of other.

Plaintiff, who was injured in an automobile accident, is entitled, under section 288 of the Civil Practice Act, to a general examination of the drivers of each automobile involved in the collision, where it appears that she was a passenger in one of the automobiles, was rendered unconscious for a long period after the accident, and must look to the driver of each vehicle to show the negligence of the other, since she has no recollection of the facts.

The driver of the defendant corporation's car may not be a " managing " employee, within the meaning of section 289 of the Civil Practice Act, but there are special circumstances why his examination should be permitted and also why a general examination is " necessary " and may be had.

MOTION by plaintiff for an examination of defendants before trial.

*Macomber & Skivington,* for the motion.

*Sutherland & Dwyer,* opposed.

RODENBECK, J.  This is an application to examine the defendants as to the circumstances of the accident in which the plaintiff was injured.  It is claimed that she is not entitled to a general examination and that the man who was driving the car for the defendant corporation is not a " managing " employee and so not subject to examination, except upon the conditions attaching to a witness.  (Civ. Prac. Act, § 289.)

When the civil procedure was last being generally revised, there was an active discussion as to the simplification of the practice relating to examinations before trial.  Some members of the bar thought that the practice ought to be as liberal as that in the Federal equity practice and in other jurisdictions.  The criticisms of the existing practice were not confined to the profession.  Mr. Justice GAYNOR said: "A party has the right to examine his adversary

on all of the facts" (*Cherbuliez* v. *Parsons*, 123 App. Div. 814); and again: "A law-suit is not a game for sharp advantages" (*Shonts* v. *Thomas*, 116 id. 854). Judge FOLGER said in reply to objections to vesting large discretion in the courts on this subject: "It is not a sound argument, which reasons against the existence of a power, from the possibility of the abuse of it." (*Glenney* v. *Stedwell*, 64 N. Y. 120.) Mr. Justice INGRAHAM (dissenting) said: "I have never seen any advantage gained by refusing to allow these examinations before trial." (*Hartog & Beinhauer C. Co.* v. *Richmond Cedar Works*, 124 App. Div. 627.)

There was a large and active representation of the bar of New York city who argued for an examination upon notice similar to the Federal equity practice, but the Board of Statutory Consolidation concluded that the examination should not be had unless the testimony sought was material and necessary. The joint legislative committee in passing upon the consolidation of the provisions of the Code of Civil Procedure on this subject, prepared by the Board, said "that the provisions on this subject should be restored for the present in practically the same language in which they now exist." And in the final draft they were substantially restored but with a concession of a section, to those who pleaded for more liberal provisions, which authorized the taking of depositions upon notice. (Civ. Prac. Act, § 290.) As if afraid of this power, the joint committee followed this section with one authorizing a motion to vacate or modify the notice (Civ. Prac. Act, § 291). The result is that the profession is back about where it was under the Code of Civil Procedure, with a motion to vacate or modify in nearly every important case where a notice is given, and with the practice growing of applying to the court, in the first instance, for an order for an examination, as was done in the present case. Thus procedural reform goes around in a circle with changes in form but not in substance.

There is no support for the contention that a general examination may not be had or that a witness may not be examined under "circumstances" not specifically provided for in the statutory practice (Civ. Prac. Act, § 288), but there is manifested a disposition to restrict general examinations to specific matters and to narrow the "special circumstances" unduly. The word "necessary" permits the court to say when a general examination may be had and the expression "other special circumstances" gives a discretionary power to cover cases not enumerated in the statute. There is no danger of abuse in either direction. The words are the flexible ingredients in the otherwise rigid legislative compound. The language of Judge DANFORTH cannot too often be pointed

to as the compass of judicial action on this matter: " We are of opinion that a party litigant may, in the discretion of the judge to whom application is made under the provisions of sections 870, 872, 873 of the Code of Civil Procedure, have a general examination of his adversary as a witness in the cause, as well before as at the trial, and that it is not, as of course, to be limited to an affirmative cause of action, or an affirmative defense set forth in favor of the party desiring that examination." (*Herbage* v. *City of Utica*, 109 N. Y. 81, 82.)

In the case at bar the plaintiff was unconscious for a long time and the driver of the car in which she was riding has been placed in an embarrassing pos'tion by reason of other suits growing out of the accident in which he is not a defendant, making the plaintiff look to the driver of the defendant corporation's car to prove his negligence. She needs the testimony of the defendant Patrick to prove the negligence of the driver of the corporation's car and the latter's testimony to prove defendant Kramer's negligence. The driver of the defendant corporation's car may not be a " managing " employee but there are special circumstances why his examination should be permitted and also why a general examination is " necessary " and may be had. (*Pierce* v. *Morris*, 192 App. Div. 502; *Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.*, 203 id. 9; *Mayer* v. *N. Y. Canners, Inc.*, 217 id. 202; *Bloedc Co.* v. *Devine Co.*, 211 id. 180; *West* v. *Coney Island & Brooklyn R. R. Co.*, 126 Misc. 674; *Samols* v. *Mayer*, 120 id. 516.)

Motion granted, with ten dollars costs to abide the event.