### Ex parte MATHER.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

HABEAS CORPUS (§ 90*)—CUSTODY OF CHILDREN—PROCEEDINGS.

The court, in habeas corpus under Domestic Relations Law (Laws 1909, c. 19 [Consol. Laws, c. 14]), § 70, authorizing habeas corpus by husband or wife living separate, but not divorced, to award the custody of a minor child, must proceed in conformity with Code Civ. Proc. § 2031, requiring the court, immediately after the return of the writ, to examine into the facts alleged in the return, and the parties are entitled before final order to an examination of the facts raised by the petition and the return.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 80; Dec. Dig. § 90.*]

Appeal from Special Term, New York County.

Application of Maud E. Mather for a writ of habeas corpus against Harry B. Mather to bring up the body of Doris L. Mather, an infant. From a final order awarding the custody of the child to petitioner, Henry B. Mather appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore S. Rumney, Jr., for appellant.
Franklin Bien, for respondent.

PER CURIAM. The relator applied to a justice of the Supreme Court for a writ of habeas corpus under section 70 of the domestic relations law (chapter 19, Laws 1909). That section provides that a husband or wife, being an inhabitant of this state, living in a state of separation without being divorced, who has a minor child, may apply to the Supreme Court for a writ of habeas corpus to have such minor child brought before said court; and on the return thereof the court, on due consideration, may award the custody of such child to either parent, under such regulations, restrictions, and directions as the case may require. On the return of this writ the defendant filed a return alleging certain facts which he claimed made it improper to award the custody of the child to the petitioner. Whereupon the petitioner filed a traverse to the return, and upon the petition, the return, and the traverse the case came before the Special Term. So far

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as the record discloses the court, without further investigation, entered an order awarding the custody of the child to the petitioner, and from that order the appellant appeals.

When a writ of habeas corpus comes before the Special Term under this provision, it must be carried on in conformity with the rules of practice governing such a writ. People ex rel. Keator v. Moss, 6 App. Div. 414, 39 N. Y. Supp. 690. Section 2031 of the Code of Civil Procedure provides that the court or judge, before which or whom the prisoner is brought by virtue of a writ of habeas corpus, must immediately after the return of such writ examine into the facts alleged in the return and into the cause of the imprisonment. So far as this record discloses there was no examination into the facts alleged in the return. We think that upon the record as it appears the parties were entitled to an examination of the facts before a final order should be made.

The order appealed from should therefore be reversed, and a reference directed to the official referee to inquire into the facts alleged in the return, and report the same, with his opinion thereon, to the Special Term. Pending the final determination of this proceeding, the custody of the infant to be awarded to the relator.