## MEISTER v. WOOLVERTON.

(Supreme Court, Appellate Division, First Department.   November 4, 1910.)

1. CARRIERS (§ 391*)—STATUTES—"BAGGAGE."
   Laws 1907, c. 429, §§ 2, 38, under which express companies are common carriers, and made liable for loss of property, apply only to the personal baggage of a traveler; but it is not necessary to the status as "baggage" that a passenger should be carried at the same time the baggage is transferred.

   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 391.*

   For other definitions, see Words and Phrases, vol. 1, pp. 663–670; vol. 8, p. 7586.]

2. CARRIERS (§ 391*)—STATUTES—TRANSFER COMPANY—"BAGGAGE."
   Under Laws 1907, c. 429, which provides by section 2 that express companies are common carriers, and by section 38 that every common carrier shall be liable for all loss of property carried as baggage, a trunk delivered to a transfer company, which, upon the statement that it was the

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

baggage of a passenger, assumed to carry it to a given address, is "baggage" for the loss of which the company is liable.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 391.*]

3. CARRIERS (§ 400*)—STATUTES—LIABILITY FOR LOSS OF BAGGAGE—VALUE.

Under Laws 1907, c. 429, which provides that the full value of lost baggage may be recovered, but that the value in excess of $150 shall be stated upon its delivery to an express company, and that the company may make an additional charge for the assumption of any greater risk, on delivery of a railroad passenger's baggage check for a trunk to an express company, with the statement that it was the personal baggage of a traveler, but without any statement as to its value, and without any inquiry by the company as to its value, the carrier upon a loss of the trunk is liable for its full value.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1531-1534; Dec. Dig. § 400.*]

4. CARRIERS (§ 400*)—STATUTES—STATEMENT OF VALUE—ESTOPPEL.

Where the value of baggage in excess of $150 is not stated by the owner at the time of its delivery to an express company, and the company makes no inquiry or any demand for an additional charge, as provided by Laws 1907, c. 429, § 38, the owner is not estopped from claiming full value for its loss.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1531-1534; Dec. Dig. § 400.*]

5. CARRIERS (§ 405*)—STATUTES—LIABILITY OF TRANSFER COMPANY.

Laws 1907, c. 429, § 38, limiting a carrier's liability for baggage exceeding 150 pounds, does not apply where the carrier undertakes to transfer property as baggage without also carrying the owner.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 405.*].

Appeal from Appellate Term.

Action by John G. Meister against William H. Woolverton, as President of the New York Transfer Company. From a judgment of the Appellate Term (67 Misc. Rep. 167, 121 N. Y. Supp. 606), affirming a judgment of the City Court entered upon verdict of jury for plaintiff, defendant appeals. Determination affirmed, with costs, on the authority of Morgan v. Woolverton, 136 App. Div. 351, 120 N. Y. Supp. 1008.

See, also, 123 N. Y. Supp. 1129.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John L. Hill, for appellant.

Victor E. Whitlock, for respondent.

INGRAHAM, P. J. The plaintiff's assignor was a passenger on a train of the Pennsylvania Railroad Company. She arrived in New York on June 30, 1908. On July 2, 1908, she delivered a check given to her by the railroad company for a trunk which had been transported with her to the city of New York. It would appear that the trunk had been delivered by the railroad company to the defendant, but was subsequently lost and was never delivered. The claim against the defendant was assigned to the plaintiff, who brought an action to recover the value of the trunk. The plaintiff recovered a judgment for $982.42 as the value of the trunk, and from that judgment the defendant has

appealed. This check was delivered to the defendant at the office of the defendant in the city of New York. Defendant's representative was then informed that the check represented a trunk which had arrived from North Carolina at New York and he wanted it sent to Far Rockaway. No statement was made to the agent of the defendant as to the value of the contents of the trunk, nor was information on that subject asked by the defendant's agent, and the defendant's agent made the customary charge for the delivery of the trunk according to the instructions that he had received.

The question presented in this case arises under the public service law (chapter 429, Laws 1907). Section 2 of that article provides that the term "common carrier" shall include "express companies" and all persons and associations of persons, whether incorporated or not, operating such agencies for public use within this state. Section 38 requires every common carrier to issue a receipt or bill of lading for all property delivered to it for transportation; and further provides that every common carrier and railroad corporation shall be liable for all loss, damage, or injury to property carried as baggage up to the full value and regardless of the character thereof; but the value in excess of $150 shall be stated upon delivery to the carrier, and a written receipt stating the value shall be issued by the carrier, who may make a reasonable charge for the assumption of such liability in excess of $150 and for the carriage of baggage exceeding 150 pounds in weight upon a single ticket.

The first question presented is whether or not this trunk was properly carried as baggage. If it was, then by the express provisions of the statute the defendant was liable for the full value of the trunk unless relieved from liability by the subsequent provisions of the section. The application of this section was intended to be limited to the baggage of passengers, as distinct from general merchandise delivered to a common carrier for transportation. It was the nature of the article that was to determine the liability of the carrier. A trunk shipped by an express company as merchandise, and not as the personal baggage of a traveler, would not be within the section; but it seems to me making the section applicable to an express company which does not carry passengers evinces a clear intention that the carrying of a passenger at the same time that the baggage was transported was not necessary to impose upon the express company the liability imposed by the section. It was necessary that the article carried should be the personal baggage of a traveler, and the article to come within the section must be such personal baggage. When the check of a passenger upon the Pennsylvania Railroad was delivered to the defendant, an express company, with a statement that it represented the baggage of a passenger that had been transported by the railroad company, notice was given that this trunk was baggage of a passenger, and when the express company assumed to transport that baggage, represented by the check delivered to it, it undertook to carry the trunk as baggage and became liable for the full value.

The representative of the passenger who actually delivered the trunk to the defendant did not state to the carrier the value of the trunk,

and the defendant claims that, under the provisions of this section, the value not having been stated, the recovery must be limited to the sum of $150; but I do not find anything in the section that justifies such a limitation. The section provides that the value shall be stated upon delivery of the baggage to the carrier, and authorizes the carrier to make an additional charge for the assumption of any liability over and above $150. Undoubtedly, if the carrier had asked the person delivering the check the value of the trunk, and such value had been stated to be $150, the plaintiff would be estopped from disputing that $150 was the value of the trunk, and thus precluded from recovering a greater sum. But this provision in relation to a statement of the value of the baggage to be transported was for the benefit of the company to entitle it to charge an additional sum for the assumption of the increased liability. If the defendant accepted the trunk for transportation without any inquiry as to value, or·any demand for an additional charge on account of the excess, it cannot claim that either the plaintiff was estopped from claiming the full value of the trunk, or that a penalty should be imposed upon the plaintiff of a loss of the amount exceeding $150 for a failure to state the value. Accepting the trunk for transportation without inquiry as to value, fixing its own charge for transportation without such inquiry, it assumed the obligation imposed upon it by the statute, which was a liability for the full value. If it had been intended to limit its liability to the value of $150, where the value was not stated by the person delivering the trunk for transportation, it seems to me that that intention would have been expressed. The carrier has the option to inquire as to the value, and thus bring itself within the limitation provided for by the section in question. It is not, however, bound to make such inquiry, but could accept the trunk for transportation, subject to the full liability clause, and waive the provision which authorized an extra charge if it assumed a liability for a sum above $150, and its failure to make such additional charges was a waiver of this limited liability and an acceptance of the unlimited liability prescribed by the section. The further provision of the section limiting a liability for baggage exceeding 150 pounds in weight upon a single ticket would clearly apply only to baggage carried with a passenger by a common carrier of passengers, but would have no application where the carrier undertook to carry property as baggage without also transporting the passenger.

I think that the defendant was liable, and that the determination should be affirmed, with costs. All concur.