in bridge structural work, who had worked for different employers. His testimony is to the effect that he had seen in use some of such cars in some of his employments, which were equipped with stanchions. To meet this testimony, the defendant called five witnesses, of whom but one was its employé, a though another had once worked for it. These witnesses appear as men of affairs and of wide experience. Their testimony is to the effect that such cars were not supplied with stanchions, and that the car in question was like unto that kind almost universally used in like work by other constructors of standing and of importance. I think that the judgment and order should be reversed, and that a new trial should be granted; costs to abide the event.

CARR, J., concurs.

LUISI, Appellant, v. BROOKLYN UNION GAS CO., Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Congetta Luisi, administratrix, etc., of Frank Luisi, deceased, against the Brooklyn Union Gas Company. No opinion. Order denying motion for a new trial unanimously affirmed, with costs.

McADAMS, Appellant, v. LAWN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 18, 1911.) Action by Sarah McAdams against William E. Lawn and another. No opinion. Judgment affirmed, with costs.

McDONALD v. DEGNON–McLEAN CONTRACTING CO. et al. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by John P. McDonald against the Degnon-McLean Contracting Company and others. No opinion. Motion denied, with $10 costs. Order filed. See, also, 140 App. Div. 411, 125 N. Y. Supp. 295.

McGRATH et al. v. RUDOLPH WURLITZER CO. (Supreme Court, Appellate Term. January 5, 1911.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Thomas J. McGrath and another against the Rudolph Wurlitzer Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed. Kramer & Bourke, for appellant.

PER CURIAM. It is impossible to see from this record how the trial court arrived at the judgment rendered or what disposition was made of the defendant's counterclaim. It is also clear that improper evidence was admitted on the question of damages. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McGUIRE, Appellant, v. HUGHES, Respondent. (Supreme Court, Appellate Division, First Department. December 30, 1910.) Action by Constantine J. McGuire against Margaret E. Hughes. J. C. McGuire, for appellant. C. Strauss, for respondent. No opinion.

126 N.Y.S.—72

Order affirmed, with costs. Order filed. See, also, 124 App. Div. 925, 109 N. Y. Supp. 1137; 126 App. Div. 637, 111 N. Y. Supp. 153; 136 App. Div. 933, 120 N. Y. Supp. 1133.

McMILLAN, Appellant, v. WILLIAMS, Respondent. (Supreme Court, Appellate Division, Fourth Department. November 23, 1910.) Action by William S. McMillan against William F. Williams. No opinion. Judgment affirmed, with costs.

In re MADDEN. (Supreme Court, Appellate Division, First Department. November 2, 1910.) In the matter of Joseph J. Madden. No opinion. Order affirmed. Order filed. See, also, infra.

MADDEN, Respondent, v. BELL, Appellant. (Supreme Court, Appellate Division, First Department. January 20, 1911.) Action by John E. Madden against Louis V. Bell. E. J. McCrossin, for appellant. E. L. Kalish, for respondent. No opinion. Judgment affirmed, with costs, with leave to defendant to amend on payment of costs. Order filed.

MADDEN, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by Daniel Madden against the City of New York. J. Mulholland, for appellant. T. Connoly, for respondent. No opinion. Order affirmed, with costs and disbursements. Order filed.

MADDEN v. WALDMAN. (Supreme Court, Appellate Division, First Department. November 2, 1910.) In the matter of Joseph J. Madden against William Waldman. No opinion. Order reversed, and action of board of elections confirmed. Order filed. See, also, supra.

MALKE, Respondent, v. PIONEER S. S. CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 11, 1911.) Action by Bertha Malke, as administratrix, etc., against the Pioneer Steamship Company and another. No opinion. Judgment and orders affirmed, with costs.

In re MALONE. In re GRIMES' ESTATE. LAW v. PEOPLE. (Supreme Court, Appellate Division, Third Department. December 9, 1910.) In the matter of judicial settlement of accounts of Owen J. Malone, administrator, etc., of Catharine Grimes, deceased. In the matter of proving the kinship on the estate of Catharine Grimes, deceased. Action by Frederick W. Law, as executor of John Nolan, deceased, against the People of the State of New York. No opinions. Motions granted, without costs.

MASI, Appellant, v. GIORGIO et al., Respondents. (Supreme Court, Appellate Division, First Department. December 2, 1910.) Action by Carmine Masi against Michael Giorgio and others. S. Sugarman, for appellant.

F. Wiener, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

In re MATHER. (Supreme Court, Appellate Division, First Department. December 9, 1910.) In the matter of Maud E. Mather. No opinion. Motion for resettlement denied. Order filed. See, also, 140 App. Div. 478, 125 N. Y. Supp. 483; infra.

In re MATHER. (Supreme Court, Appellate Division, First Department. December 9, 1910.) In the matter of Maud E. Mather. No opinion. Motion for stay denied. Settle order on notice. See, also, supra.

MEISTER v. WOOLVERTON. (Supreme Court, Appellate Division, First Department. December 9, 1910.) Action by John G. Meister against William H. Woolverton. No opinion. Motion granted. Order filed. See, also, 125 N. Y. Supp. 439.

MERRITT et al., Appellants v. BELLUSCIO, Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Daniel T. Merritt and others against Mary Belluscio.

PER CURIAM. Order reversed, with $10 costs and disbursements, and order for examination of defendant reinstated, on the authority of Goldmark v. United States Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321, and Richards v. Whiting, 127 App. Div. 208, 111 N. Y. Supp. 21.

RICH, J., dissents.

METROPOLITAN TRUST CO. v. NEW YORK FINANCE CO. (Supreme Court, Appellate Division, First Department. December 9, 1910.) Action by the Metropolitan Trust Company against the New York Finance Company. No opinion. Motion granted, with $10 costs. Order filed.

METZ, Appellant, v. UNITED WIRELESS TELEGRAPH CO., Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Benjamin Metz against the United Wireless Telegraph Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

In re MEYER. (Supreme Court, Appellate Division, First Department. December 9, 1910.) In the matter of Henry Meyer, deceased. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

MICKENBERG v. STEINWAY & SONS. (Supreme Court, Appellate Division, First Department. December 9, 1910.) Action by Alice Mickenberg, an infant, against Steinway & Sons. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed. See, also, infra.

MICKENBERG, Respondent, v. STEINWAY & SONS, Appellants. (Supreme Court, Appellate Division, First Department. January 20, 1911.) Action by Alice Mickenberg against Steinway & Sons. J. C. Robinson, for appellants. H. Escher, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, supra.

MILLER v. LEVERING & GARRIGUES CO. (Supreme Court, Appellate Term. December 23, 1910.) Appeal from City Court of New York, Trial Term. Action by Harry H. Miller against the Levering & Garrigues Company. From a judgment of the City Court of the City of New York, dismissing the complaint at the close of plaintiff's case, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed. Ernest H. Jurgens (Clifford C. Roberts, of counsel), for appellant. Frank V. Johnson (Allan E. Brosmith and Joseph F. Murray, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs.

GAVEGAN, J. (dissenting). The plaintiff, a bricklayer in the employ of A. J. Robinson Company on the day of the accident, was at work on a scaffold outside of a new building in process of construction at the corner of Fourth avenue and Twenty-Seventh street, New York City. While so engaged he was struck on the head by some missile which fell from above, causing the injuries complained of. Applying the "most favorable inference" rule to the evidence, it appears that the cause of the accident was the falling of an iron bolt, which was received in evidence without objection. It also appears that iron workers in the employ of the defendant were working at the time of the accident directly above the plaintiff. Evidence that employés of 14 different contractors were at work in and about the building made it incumbent upon the plaintiff to identify the employé or employés of the particular contractor responsible for plaintiff's injuries. It was not necessary, however, to prove by direct evidence that the plaintiff's injuries were traceable to the defendant's employés; but the circumstances and conditions at the time and place of the accident may be shown, in order that the jury may reasonably reach the conclusion that the accident was caused by the defendant's negligence. Harrison v. N. Y. Central R. R. Co., 195 N. Y. 86, 87 N. E. 802; Paulding v. Same, 132 App. Div. 68, 116 N. Y. Supp. 518. I am of the opinion, therefore, that under these authorities the plaintiff's proof, as it stood, entitled him to go to the jury. But the exclusion by the trial court of testimony tending to connect the defendant with the accident furnishes a more positive ground for reversal in this appeal. As the plaintiff was busily engaged in his work he could not be looking upward all the time. In his proof he was compelled to resort to a process of elimination, and in that way endeavored to show what particular kind of bolt the one received in evidence was, and for what purpose and by what workers in and about the building it was used. I think the trial court erred in excluding evidence of this