ROBINSON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. CARRIERS (§ 398*)—PASSENGERS' EFFECTS—LOSS OF BAGGAGE.

At common law a carrier's liability as insurer for articles carried as baggage was limited to articles properly constituting baggage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1521; Dec. Dig. § 398.*]

2. CARRIERS (§ 404*)—PASSENGERS' EFFECTS—CARRIER AS WAREHOUSEMAN.

At common law a carrier was liable as bailee for negligence in the loss of baggage, even though the relation of passenger and carrier did not exist.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1539–1543; Dec. Dig. § 404.*]

3. CARRIERS (§ 400*)—PASSENGERS' EFFECTS—CONSTRUCTION OF STATUTE—"BUT."

Under Public Service Commission Law (Consol. Laws 1910, c. 48) § 38, which provides that a carrier shall be liable for loss or injury to property carried as baggage up to its full value regardless of the character thereof, but that the value in excess of $150 should be stated upon delivery to the carrier, who may make a reasonable charge for the assumption of liability in excess of $150, the word "but," which ordinarily indicates an intention to limit or restrict the effect of what precedes it, may be given that effect by qualifying the extension of the liability of the carrier as insurer to property carried as baggage, though in fact it be merchandise, without operating to limit the carrier's liability to the sum of $150, where no excess value is stated.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 400.*

For other definitions, see Words and Phrases, vol. 1, pp. 926, 927.]

4. CARRIERS (§ 400*) — PASSENGERS' EFFECTS — STATUTORY REGULATIONS — WAIVER BY CARRIER.

Under Public Service Commission Law (Consol. Laws 1910, c. 48) § 38, which provides that a carrier shall be liable for a loss or injury to property carried as baggage up to the full value and regardless of the character thereof, but that the value in excess of $150 shall be stated on delivery to the carrier, who may then make a reasonable charge for the assumption of such liability in excess of $150, the provision as to stating value is for the carrier's benefit and may be waived by it.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 400.*]

5. CARRIERS (§ 400*)—PASSENGERS' EFFECTS—LIABILITY FOR LOSS—VALUE.

Public Service Commission Law (Consol. Laws 1910, c. 48) § 38, provides that a carrier shall be liable for loss of property carried as baggage up to the full value, regardless of the character thereof, but that the value in excess of $150 shall be stated to the carrier on delivery, who may then make a reasonable charge for the assumption of liability in excess of $150. Defendant, for the regular fare, undertook to carry a trunk containing articles constituting proper personal baggage of the value of $550, and through its negligence the trunk was lost. Plaintiff did not state the value of the trunk or pay any extra charge, and no inquiry as to value was made by defendant, but a copy of its tariff published and filed with the commission, while providing for such extra charge, directed its agents not to inquire the value of baggage and to make extra charge only when the owner voluntarily stated its value. *Held*, that the defendant was liable for the full value of the contents of the trunk.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 400.*]

Dowling and Clarke, JJ., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Moncure Robinson against the New York Central & Hudson River Railroad Company. From an order sustaining a demurrer to a partial defense, defendant appeals. Affirmed.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

William Mann, for appellant.

Clifton P. Williamson (Phenix Ingraham. of counsel), for respondent.

MILLER, J. For the purpose of testing the sufficiency of the partial defense demurred to, it is to be assumed that the defendant undertook for the regular fare to safely transport the plaintiff and his trunk, containing wearing apparel and other personal effects necessary for his use and comfort on his journey, and that such baggage, of the value of $550, was lost through its negligence. The partial defense is that the defendant's tariff, published, posted, and filed with the Public Service Commission, provided for the free transportation of a passenger's baggage not exceeding $150 in value, and for a charge in case it exceeded that value, and that the plaintiff did not state the value of said trunk and contents, or pay the extra charge. A copy of the said published tariff was annexed to the answer. It was addressed "to agents," and contained this provision:

"Please understand you are not to inquire the value of baggage from the owner and it is only in those cases where owners voluntarily state the value of their baggage at time of checking that charge is to be made if any one lot belonging to a single passenger exceeds $150.00."

The defendant claims a limitation of liability to the sum of $150 perforce of a provision of section 38 of the Public Service Commissions Law (chapter 48, Consol. Laws 1910), which as far as material here, provides:

"Every common carrier and railroad corporation shall be liable for loss, damage and injury to property carried as baggage up to the full value and regardless of the character thereof, but the value in excess of one hundred and fifty dollars shall be stated upon delivery to the carrier, and a written receipt stating the value shall be issued by the carrier, who may make a reasonable charge for the assumption of such liability in excess of one hundred and fifty dollars and for the carriage of baggage exceeding one hundred and fifty pounds in weight upon a single ticket. Nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing laws."

The appellant contends that the said provision is to be construed to mean that the carrier shall be liable for the value of the baggage in excess of $150 only in the event that the passenger declares such excess value.

[1, 2] At common law the carrier's liability as insurer for articles carried as baggage was limited to those properly constituting baggage (Dexter v. Syracuse & N. Y. R. R. Co., 42 N. Y. 326, 1 Am. Rep. 527; Merrill v. Grinnell, 30 N. Y. 594); but it was liable as bailee for negligence, even though the relation of passenger and carrier did not exist (Fairfax v. N. Y. C. & H. R. R. R. Co., 67 N. Y. 11). It is plain that the primary purpose of the statute was to enlarge the

common-law liability as insurer and to make the carrier liable as such for the full value of the property carried as baggage, irrespective of its character. It is equally plain, from the last sentence of the provision above quoted, that it was not intended to limit the carrier's liability at common law, for the passenger's right of action under existing law was expressly preserved. Upon the assumed facts in this case, the defendant was liable at common law as insurer because the property, which it undertook to transport, properly constituted baggage. It was also liable as bailee irrespective of the nature of the property, for the loss occurred through its negligence.

[3] But it is contended that, while intending to enlarge the common-law liability of the carrier as such, the Legislature in fact limited its liability both as carrier and as bailee, by providing that the value in excess of $150 should be stated, and that the carrier might make a reasonable charge for the assumption of liability in excess of such sum. It is to be noted, first, that the language is "for the assumption of such liability," i. e., the liability as carrier. The limitation .then, if one was imposed by the act, applies only to "such liability," not to the defendant's liability as bailee. Moreover, the purpose of the phrase, relied upon by the appellant, was to give the carrier the right to make a reasonable charge for the liability thus imposed upon it in excess of $150. The word "but" ordinarily indicates an intention to limit or restrict the effect of what precedes it, and it may be given that effect by qualifying the extension of the liability of a carrier as insurer to property carried as baggage, even though in fact it be merchandise.

[4] The qualifying clause was considered by Presiding Justice Ingraham in Meister v. Woolverton, 140 App. Div. 926, 125 N. Y. Supp. 439, and we agree with what he there said, to the effect that it was intended for the carrier's benefit and could be waived by it, and that, if it had been intended to limit the liability to $150 unless the excess value is stated, that intention would not have been left to inference.

[5] But even assuming that the requirement, that the excess value should be stated to enable the carrier to charge for the assumption of such extended liability, was intended to limit the carrier's common-law liability, it is plain that that requirement, being intended for its benefit, could be waived by it. In this case we have not only a failure to inquire, but explicit instructions to agents not to inquire. Surely the carrier cannot complain for not being informed of what it did not wish to know. It is said that sections 33 and 34 of the said act prohibit the carrier and the passenger from entering into a contract for a different rate than the published tariff. That may be assumed; but there is no question in this case of any contract in violation of the statute or of any act on the part of the plaintiff "by means of false billing, false classification, false weight or weighing, or false report of weight, or by any other device or means" to obtain transportation at less than the published rates. According to the published tariff, a charge for excess baggage was to be imposed only in case the owner voluntarily declared the amount of the excess. Even

if the plaintiff was chargeable with notice of the defendant's tariff, which we are far from deciding, he was given the option of having his baggage carried without charge unless he wanted to declare its value. There certainly was no discrimination, for that privilege was extended to every one.

The appellant relies on Gardiner v. N. Y. C. & H. R. R. R. Co., 201 N. Y. 387, 94 N. E. 876; but that case involved a special contract, of whose provisions the plaintiff had full knowledge. Judge Hiscock, writing for a majority of the court, was careful to limit the discussion to the narrow question presented, and what he said with respect to the plaintiff being chargeable with knowledge of the statute in question and of the published rates of the defendant related to the plaintiff's knowledge that it was optional with her to accept the special contract or to have her baggage carried with unlimited liability. In that connection he said:

"With these statutes and principles presumably in her mind, and telling her that independent of statute she had a right under an unlimited ticket to enforce upon the respondent a liability for the full value of anything properly constituting baggage, and that under the statute she had a right on proper terms to enforce upon it a liability of full valuation of anything which she might desire to have transported as baggage regardless of the character thereof, plaintiff preferred to secure a better rate of transportation and check her baggage under a tariff schedule and ticket which limited her as to the character of baggage and as to the amount for which liability would arise."

While that sentence was doubtless written without reference to the precise point involved in this case, it is apposite in view of the construction which we put upon the statute. In this case the plaintiff is asserting a right independent of the statute, under an unlimited ticket, to be reimbursed for the loss of property properly constituting baggage, and he bases that right on the defendant's liability at common law both as carrier and bailee.

The order should be affirmed, with $10 costs and disbursements, with leave to defendant to amend the separate defense on payment of costs in this court and in the court below.

McLAUGHLIN and SCOTT, JJ., concur.

SCOTT, J. I concur entirely with my Brother MILLER, and desire only to add to what he has said that in my opinion it is pushing the doctrine that "every man is presumed to know the law" to a quite unreasonable point to presume that the average wayfarer who travels by railroad knows and keeps constantly in mind not only the provisions of the public service law, a long and complicated statute, but also the rates for excess baggage established by the common carrier. The purpose of this section of the act upon which defendant relies is not to relieve the common carrier from liability, but to enable him to collect an adequate rate to insure him against his liability. That is a provision for the benefit of the carrier which it may waive if it wishes. It seems to me that it should be deemed to have waived the advantage which the statute affords, when it gave explicit instructions to its employés that the passengers should not be asked as to the value

of their baggage. Whatever may be the presumption of law, the carrier knows, as we all know in fact, that few travelers, unless interrogated, will know that there is a statute limiting the carrier's liability to the declared value of the baggage. The instructions given to the employés were evidently intended to deprive most travelers of the opportunity to procure indemnity for the loss of their baggage, even at the rate established by the carrier himself.

DOWLING, J. (dissenting). In Gardiner v. New York Central & Hudson River Railroad Co., 201 N. Y. 387, 94 N. E. 876, it was held that passengers delivering their baggage for transportation by a railroad were chargeable with knowledge: (1) Of section 38 of the public service commission law (Laws 1907, c. 429), which provides that, in the absence of a special contract, "every common carrier and railroad corporation shall be liable for loss, damage and injury to property carried as baggage up to the full value and regardless of the character thereof, but the value in excess of one hundred and fifty dollars shall be stated upon delivery to the carrier"; and (2) of the schedule theretofore filed by the carrier with the Public Service Commission. In the case at bar, the schedule so filed, a copy of which is annexed to the answer and forms a part of the defense demurred to, contained the following provisions:

"Effective September 22, 1907, 150 pounds of baggage, not exceeding one hundred and fifty dollars ($150.00) in value, will be carried free for an adult passenger and 75 pounds of baggage, not exceeding seventy-five dollars ($75.00) in value, for each child presenting half ticket. * * * Should a passenger, when checking baggage, state its value to be in excess of the above sum, charge will be made for all over $150 in value on basis of one-half the current excess baggage rate per hundred pounds, between the points checked, adding enough to make the rate end in '0' or '5.' Minimum charge to be twenty-five cents (25¢). * * * Please understand you are not to inquire the value of baggage from the owners, and it is only in those cases where owners voluntarily state the value of their baggage at time of checking that charge is to be made if any one lot belonging to a single passenger exceeds $150."

Applying the principles enunciated by the court in the Gardiner Case, it seems clear to me that plaintiff could not recover more than $150 for his lost baggage, not having declared its value at more than that amount. The effect of the law and the schedule was to create a limitation of valuation, not of liability. Id., page 394 of 201 N. Y., 94 N. E. 876. Knowing that under the statute he had a right on proper terms to enforce upon it a liability of full valuation of anything which he might desire to have transported as baggage regardless of the character thereof, plaintiff delivered his property to the carrier without declaring that it was worth more than $150, realizing that the carrier had placed on him the duty of making such declaration, and that, if he desired more than the limited valuation fixed on his property, he was bound to pay an additional charge for its transportation. Id., page 393 of 201 N. Y., 94 N. E. 876. He could not fail to pay the increased cost of transportation, based on increased valuation, and still claim the benefit of the latter, for which added risk the carrier

had received no compensation. Id., page 395 of 201 N. Y., 94 N. E. 876.

I am of the opinion, therefore, that the partial defense demurred to was good, that the demurrer thereto was improperly sustained, and that the order appealed from should be reversed.

CLARKE, J., concurs.