(95 Misc. Rep. 585)

### GRANBERY v. TAYLOR.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

1. CARRIERS ⬥158(2)—CARRIAGE OF GOODS—LIMITING LIABILITY.

Where an express company received a package for intrastate shipment, issuing a receipt therefor containing no express limitation upon the carrier's liability, but reciting that the article was received, "subject to the classifications and tariffs in effect on the date hereof," while the appropriate tariff, duly filed by the express company, provided that the rates governed by the classifications were based on a value not ex-

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ceeding $50 on each shipment, etc., and that the liability of the company was limited to the value stated unless a greater value was declared at the time of the shipment, the shipper not declaring any value on the package, for its loss he could recover only $50.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 665, 699, 708–710; Dec. Dig. ☞158(2).]

2. CARRIERS ☞158(2)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY—WAIVER OF OPTION.

The provision of an express company's tariff that the rates were based upon a value not exceeding $50 on each shipment and the liability of the company limited to the value above stated, unless a greater value was declared at time of shipment, did not award the company an option to inquire as to the value of the package and to fix its rate and liability accordingly, and did not import a waiver if no such inquiry was made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 665, 699, 708–710; Dec. Dig. ☞158(2).]

3. APPEAL AND ERROR ☞209(2)—RESERVATION OF GROUNDS OF REVIEW—FAILURE TO OBJECT—WAIVER.

In an action against an express company for loss of a package, where the objection that defendant did not prove that its tariff had been filed under all attendant technical requirements was not made in the court below, and the matter was not called either to defendant's or the court's attention, directly or indirectly, the defect in merely formal proof could not be availed of on appeal to the Appellate Term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1291, 1293, 1296; Dec. Dig. ☞209(2).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William H. Granbery against George C. Taylor, as president of the American Express Company, an unincorporated association. From a judgment for plaintiff, defendant appeals. Judgment modified and affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Carter, Ledyard & Milburn, of New York City (Milton C. Lightner, of New York City, of counsel), for appellant.

Putney, Twombly & Putney, of New York City (Walter H. Griffin, of New York City, of counsel), for respondent.

BIJUR, J. This case has many points of similarity with Lichterman v. Barrett, 159 N. Y. Supp. 929, decided simultaneously herewith. Plaintiff delivered to defendant at a house in Brooklyn in this city a trunk and a package to be transported to another point in this city at Central Park West. The trunk was delivered, but the package lost. It is conceded that at the time of delivery to the carrier no valuation of the shipment was declared by the shipper or requested by the carrier.

The only question involved is in regard to the limitation of defendant's liability to the amount of $50. As a matter of practical interest, it appears that the form of receipt formerly used by the defendant, prior to the Cummins Amendment to the Interstate Commerce Law (Act Feb. 4, 1887, c. 104, 24 Stat. 379), has recently been changed, probably to conform to the requirements of the Cummins Amendment

approved March 4, 1915 (Act March 4, 1915, c. 176, 38 Stat. 1196), so that the same receipt may be used for interstate and intrastate shipments interchangeably. The present form of receipt contains no express limitation upon the carrier's liability. A note on its face refers to a requirement that the value of the article shipped must be declared under certain circumstances, but there is no provision indicating that the carrier's liability shall be varied according to the value of the contents. On the face of the receipt, however, it is recited that the article is received "subject to the classifications and tariffs in effect on the date hereof."

Whatever doubt may have been heretofore entertained regarding the binding character of these tariffs when duly filed as constructive notice to the carrier has been removed as to interstate shipment by Boston & Maine R. R. Co. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593, and Barstow v. N. Y., N. H. & H. R. R. Co., 158 App. Div. 665, 143 N. Y. Supp. 983, and as to intrastate shipments, referring to tariffs filed with the Public Service Commission in this state, by Gardiner v. N. Y. C. & H. R. R. Co., 201 N. Y. 387, 94 N. E. 876, 34 L. R. A. (N. S.) 826, Ann. Cas. 1912B, 281; Lewis v. N. Y., O. & W. R. R. Co., 210 N. Y. 429, 432, 104 N. E. 944. The appropriate tariff duly filed by the defendant provides:

"Rule 13. *Valuation Charges.* (a) The rates governed by this classification are based upon a value of not exceeding $50.00 on each shipment of 100 lbs. or less, and not exceeding 50 cents per pound, actual weight, on each shipment weighing more than 100 lbs., *and the liability of the express company is limited to the value above stated unless a greater value is declared at time of shipment*, and the declared value in excess of the value above specified is paid for, or agreed to be paid for, under the schedules of charges for excess value."

[1] I think that both by way of contract (Belger v. Dinsmore, 51 N. Y. 166, 10 Am. Rep. 575; see, also, cases cited in Lichterman Case, supra) and by reason of the binding character of the tariff itself, the plaintiff was bound by, and the defendant entitled to the benefit of, the limitation of its liability to $50, dependent upon the valuation, or rather absence of valuation, by the shipper of the package. It is conceded that such limitation, coincident with a fixing of rates dependent upon the value of the goods shipped, placed at the option of the shipper, is a valid regulation. Hart v. P. R. R. Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717.

[2] The only question that has occurred to me has been whether the provision of defendant's tariff is to be construed as awarding to it an option to inquire as to the value of the package and to fix its rate and liability accordingly, and as importing a waiver if no such inquiry is made. Meister v. Woolverton, 140 App. Div. 926, 125 N. Y. Supp. 439, approved in Robinson v. N. Y. C. & H. R. R. Co., 145 App. Div. 391, 129 N. Y. Supp. 1030, affirmed on the opinion of Miller, J., 203 N. Y. 627, 97 N. E. 1115. I think, however, that the language of section 38 of the Public Service Commissions Law (Consol. Laws, c. 48), so construed in those cases, differs materially from the provision of defendant's tariff in the instant case, and that the doctrine of waiver there applied is not applicable here.

[**3**] Respondent urges that the defendant did not prove that its tariff had been filed under all attendant technical requirements. No such objection was made in the court below, nor was the matter called either to defendant's or the court's attention, directly or indirectly. Under such circumstances, the defect in merely formal proof cannot be availed of here. Ramsay v. Miller, 202 N. Y. 72, 95 N. E. 35.

The judgment must therefore be reduced to $50, with appropriate costs in the court below, and, as so modified, affirmed, with costs of this appeal to appellant. All concur.