Henry J. Kolb, Respondent, *v.* George C. Taylor, as President of the American Express Company, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1918.)

Express companies — liability of — action against express company for loss of trunk — carriers — master and servant — judgments.

In an action against an express company for loss of a trunk it appeared that it was delivered to defendant's agent at plaintiff's home by an illiterate servant to whom the expressman gave a receipt stating that the shipment was made subject to the classifications and tariffs in effect on the date of such delivery and containing the usual limitation of liability of fifty dollars for the first hundred pounds and fifty cents for each additional pound. Whether the expressman informed the servant that the liability was limited to one hundred dollars was disputed but he inserted that valuation in the receipt. The trunk weighed 220 pounds and defendant was paid two dollars and fifty cents, the minimum charge, and under the filed tariffs the plaintiff was entitled to only the lowest liability, and a judgment in his favor should be modified by reducing the same to $110.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, for $849 and costs.

Carter, Ledyard & Milburn, (Walter H. Merritt, of counsel), for appellant.

A. Parker-Smith, ·(Robert B. Honeyman, of counsel), for respondent.

Finch, J. The action is against an express company for the loss of a trunk. There is no dispute as to defendant being liable, and the only question is as to the amount. There is no dispute that the trunk and its contents were worth the amount for which judgment has been entered, but defendant contends that its liability was limited to $110 by the express receipt and filed tariffs.

The trunk was delivered to defendant's agent at plaintiff's home by an illiterate servant girl to whom the expressman delivered a receipt, stating that this shipment was made " subject to the classifications and tariffs in effect on the date hereof," and containing the usual limitation of liability of fifty dollars for the first 100 pounds and fifty cents for each additional pound, unless a specific value was given by the shipper.

The trial court held that the limitations did not apply here because the servant girl was concededly illiterate and unable to read the receipt. There was a dispute of fact as to whether the expressman informed her that the liability was limited to $100. At any rate, he inserted that valuation in the receipt, but since the trunk weighed about 220 pounds the liability would be at least $110. Defendant was paid $2.50, being the minimum charge, and under the filed tariffs

entitled the shipper to only the lowest liability. Plaintiff's wife took the receipt the next day, and three days thereafter gave it to plaintiff.

Under the authorities, if the servant girl had been able to read, there is no doubt but that defendant's contention would be upheld; but even under the present circumstances defendant's contention should prevail because it is held that the shipper is chargeable with notice of the filed schedules and tariffs and that these provisions are terms of the contract. *Granbery v. Taylor,* 159 N. Y. Supp. 932; *D'Utassy* v. *Southern Pacific Co.,* 172 App. Div. 547; *Gardiner* v. *N. Y. C. & H. R. R. R. Co.,* 201 N. Y. 387; *Boston & Maine R. R. Co.* v. *Hooker,* 233 U. S. 97.

It follows that the judgment should be modified by reducing the same to the sum of $110 and appropriate costs in the court below, and, as so modified, affirmed, with twenty dollars costs to the appellant, costs of appeal to be set off against the judgment.

LEHMAN and WEEKS, JJ., concur.

Judgment modified and, as so modified, affirmed, with costs.