MARY W. LEVETT, Appellant, *v.* SAMUEL W. F. DRAPER, as President of NEW YORK TRANSFER COMPANY-DODD'S EXPRESS, a Joint Stock Association, Respondent.

First Department, January 14, 1921.

Carriers — limitation of liability of baggage transfer company for loss or damage to baggage — limitation may be stated in connection with schedules filed under section 28 of Public Service Commissions Law — filing of schedules as constructive notice of limitation — plaintiff chargeable with actual knowledge of limitation where she had general knowledge of custom of express company to limit liability — failure of defendant's agent to inquire as to value of baggage not waiver of limitation of liability — notices required to be posted to make effective schedules filed need not be posted on movable desk used for convenience of passengers — posting notices in office sufficient.

In an action against a transfer express company to recover the value of baggage in which it appeared that the plaintiff did not read the receipt delivered to her limiting the defendant's liability nor declare any excess

value, *held*, that she is not entitled to recover anything in excess of the amount limited.

Section 28 of the Public Service Commissions Law authorizes a baggage transfer company to place in its schedule of rates filed pursuant to the law a rule to the effect that the baggage rates are based on the valuation of $150 per piece, and that an extra charge of ten cents per $100 will be made for each article exceeding said amount in value, and that the company will not accept a greater liability than $150 for each piece of baggage, unless the true value thereof shall be stated by the owner at the time of delivery to the company, and the rate based upon such increased value is paid, or agreed upon in writing.

The filing of the schedules by the defendant as a matter of law gave notice of the limitation of liability specified and the plaintiff was bound thereby, and said limitation of liability was effective, though the plaintiff had no actual knowledge thereof.

The plaintiff having had general knowledge, as she admitted, that express companies printed limitations of liability on their receipts and checks, was bound to make inquiry as to the specific limitation of liability, and for failure to make the same she is chargeable with the knowledge which she would have obtained upon making such inquiry.

Where schedules have been filed as in the present case which expressly impose the limitation of liability in case of the failure of the shipper to declare a greater value, the failure of the agent of the defendant to inquire as to the value of the baggage does not constitute a waiver of liability which otherwise would exist.

Moreover, a local agent has no power, nor any presumed authority, to waive any such limitation when once that limitation is imposed by the act of the corporation in the filing of the schedules creating the same.

On the facts of the case the defendant was not estopped from pleading the limitation of liability expressly imposed in the schedules filed.

There was no waiver by the defendant of the provision of its schedules by the notice upon the receipt given to the plaintiff that the liability for baggage would be limited to $100 unless the rate for excess value were paid in excess of the regular charge, though the limitation in the filed schedules was placed at $150.

Posting the notices required to make the schedules effective under section 28 of the Public Service Commissions Law in the two offices upon the main floor of the Pennsylvania station where the business of the company was transacted was sufficient, and the defendant was not required to post a notice on a movable desk which was taken down to what is called the mezzanine floor upon which passengers first come in leaving the trains.

APPEAL by the plaintiff, Mary W. Levett, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 29th day of March, 1920, affirming, without costs, a judgment of the City Court of the City of New York.

*Joseph Day Lee* of counsel [*Alley, Lee & Voorhees,* attorneys], for the appellant.

*Frank S. Gannon, Jr.,* of counsel [*Robert L. Redfield* with him on the brief; *Hill, Lockwood & Redfield,* attorneys], for the respondent.

SMITH, J.:

The facts are all stipulated. The defendant is a joint stock association consisting of more than seven persons engaged in the transportation of trunks, baggage and other articles of personal property. The plaintiff arrived in the Pennsylvania station and went to a representative of the defendant and delivered to him her check for baggage that had come in on the same train, with directions that the same should be delivered to her home, 1 West Seventy-second street. The ordinary price was fifty cents that she was to pay upon the delivery of the trunk. Upon receipt given to the plaintiff by the defendant there was a stipulation purporting to confine the liability of the defendant company to the sum of $100, " which amount the shipper represents as the value thereof, unless a greater amount is specifically agreed upon in writing and noted thereon." Upon this ticket special attention was called to the contract limiting liability, upon the back of the paper, and it was specified upon the back of the paper, in addition to this limitation of liability, " Rates for Extra Value, 10 cts. per $100." The plaintiff did not read this receipt and had no actual knowledge of its contents, and the same were not specifically called to her attention by the defendant. The trunk was never delivered and this action is brought to recover the value of the trunk and the contents. There was personal property in the trunk belonging to the plaintiff of the value of $850 and personal property belonging to her husband of the value of $150.

By section 38 of the Public Service Commissions Law (as amd. by Laws of 1913, chap. 344) it is provided, as far as may be applicable to this case: " No contract, stipulation or clause in any receipt or bill of lading shall exempt or be held to exempt any common carrier * * * from any liability for loss * * * caused by it to property from

the time of its delivery for transportation   *   *   *.   Every
*   *   *   baggage company   *   *   *   shall be liable for loss,
damage and injury to property carried as baggage whether
in connection with the transportation of the owner or not,
up to the full value and regardless of the character thereof,
but the value in excess of one hundred and fifty dollars shall
be stated upon delivery to the carrier, and a written receipt
stating the value shall be issued by the carrier, who may make
a reasonable charge for the assumption of such liability in
excess of one hundred and fifty dollars   *   *   *.   Nothing
in this section shall deprive any holder of such receipt or bill
of lading of any remedy or right of action which he has under
existing law."

By section 28 of that law it is provided that a common
carrier shall file with the Commission schedules showing the
rates, fares and charges for transportation of property and
passengers within the State.   The section further provides:
" The schedules printed as aforesaid shall plainly state the
places between which property and passengers will be carried,
and shall also contain the classification of passengers or
property in force, and shall also state separately all terminal
charges, storage charges, icing charges, and all other charges
which the Commission may require to be stated, all privileges
or facilities granted or allowed, and any rules or regulations
which may in anywise change, affect or determine any part,
or the aggregate of, such aforesaid rates, fares and charges, or
the value of the service rendered to the passenger, shipper or
consignee."   Pursuant to that section this defendant did file
with the Public Service Commission a schedule of rates and
charges for the transfer of personal property and baggage in
the city of New York and in those schedules stated a rule to
the effect that the baggage rates were based on the valuation
of $150 per piece, that an extra charge of ten cents per $100
would be made for each article exceeding said amount in
value, and that the company would not accept a greater
liability than $150 for each piece of baggage, *unless the true
value thereof shall be stated by the owner at the time of delivery
to the company,* and the rate based upon such increased value
shall have been paid, or agreed upon in writing.   It is stipu-
lated that no value was declared by the plaintiff at the time

she delivered her trunk and " That at the time of making said agreement plaintiff knew in a general way that express companies printed limitations of liability on their express receipts and checks, and that express companies were accustomed to charge an extra sum for liability beyond that limited, but plaintiff had never read the terms of any such limitations of liability."

The City Court gave judgment to the plaintiff for $150 for the loss of the baggage. The plaintiff appealed to the Appellate Term, wherein this judgment was affirmed. Upon permission the plaintiff has appealed to this court and here contends that she is not bound by this limitation of liability stated in these schedules:

*First.* For the reason that the limitation of liability was not a rule which could be stated in connection with the schedules filed under the authority of section 28 of the Public Service Commissions Law.

*Second.* Upon the ground that the plaintiff had no knowledge of this limitation.

*Third.* Upon the ground that such limitation of liability was waived by the defendant by the failure of the defendant's agent to inquire as to the value of the baggage and by the $100 limitation stated thereon.

*Fourth.* That the plaintiff's contract was not subject to this rule of liability, for failure of the defendant to post the notices required by section 28.

In answer to the first contention, the clear object of the Public Service Commissions Law was to authorize the transfer company to place just such a limitation upon its liability. It may be that the case of *Robinson* v. *New York Central & H. R. R. R. Co.* (145 App. Div. 391; affd., 203 N. Y. 627, upon the opinion of Mr Justice MILLER) holds such liability is not created by section 38 alone of the Public Service Commissions Law. In that case, however, no schedules had been filed under section 28, which imposed such a limitation of liability, so that the question was not then before the court of the power under these two sections of the Public Service Commissions Law to impose this limitation of liability by the making of rules in connection with the schedules required to be filed. Under very similar statutes the Supreme Court

of the United States has held that carriers had the right to limit their liability by filing similar schedules with the Interstate Commerce Commission, and that, when the law is considered as a whole, having in view the right of the carrier to ask a larger sum for the more valuable service, the power to impose a limitation of liability would seem to be a necessary incident to the power to charge a greater sum for the transportation of a more valuable package, especially when the carrier was authorized to annex to his schedule of rates " Any rules or regulations which may in anywise change, affect or determine any part, or the aggregate of, such aforesaid rates, fares and charges, or the value of the service rendered to the passenger, shipper or consignee." These cases are collected and discussed in an exhaustive opinion of Mr. Justice CLARKE, now presiding justice of this court, in *Barstow* v. *New York, New Haven & H. R. R. Co.* (158 App. Div. 665) where the liability arose upon an interstate shipment. The common carrier is bound to transport any merchandise presented for transportation. If in all cases the right to limit the liability rested upon the voluntary contract of the shipper, by failing to assent to such limitation of liability, the shipper could evade the purpose of the law and compel transportation of the greater value for the lesser compensation.

In answer to the plaintiff's second objection I think we are bound by authority to hold that the filing of the schedules of themselves, as matter of law, gave notice of this limitation of liability. In the case of *Gardiner* v. *N. Y. C. & H. R. R. R. Co.* (201 N. Y. 387) it was held that a passenger with knowledge of this limitation of liability was bound thereby. That case arose upon demurrer to an answer which alleged the limitation of liability and with the full knowledge and assent upon the part of the shipper. The United States courts hold uniformly that the shipper is presumed to have knowledge of any rules or tariffs properly included in the schedules as filed under the Interstate Commerce Act. (See *Barstow Case, supra,* and cases cited therein. See, also, *Lewis* v. *N. Y., O. & W. Ry. Co.,* 210 N. Y. 429.) The plaintiff contends that the New York Court of Appeals has held otherwise in the *Robinson* case by the affirmance of the judgment upon the opinion of Mr. Justice MILLER in this court. Upon this question, Mr. Justice

MILLER stated in his opinion: " According to the published tariff a charge for excess baggage was to be imposed only in case the owner voluntarily declared the amount of the excess. Even if the plaintiff was chargeable with notice of the defendant's tariff, *which we are far from deciding,* he was given the option of having his baggage carried without charge unless he wanted to declare its value." I do not read from this language any holding to the effect that the shipper is not chargeable with knowledge of the schedules filed. At the most, it expresses a doubt upon that point, and the affirmance of the judgment upon the opinion of Mr. Justice MILLER, therefore, makes no explicit holding contrary to the uniform holding of the United States courts on similar questions arising under the Interstate Commerce Act. It is true that Mr. Justice SCOTT, concurring in the opinion of Mr. Justice MILLER, goes further and states his conclusion that the shipper is not presumed to have knowledge of the facts contained in these schedules. But this opinion was not adopted by the Court of Appeals, and no other justice in this court concurred in this conclusion of Mr. Justice SCOTT. That it was the intention of the statute to hold the shipper to a presumed knowledge of any rules properly filed in connection with the tariffs, would seem to be necessary, in order to give vitality to the power of the carrier thus to limit liability. To hold that this limitation of liability was effective only in case of actual knowledge on the part of the shipper would require the transfer agent in all cases so to inform the shipper, which is practically impossible, and which would result in a continual conflict of evidence as to whether such information had in fact been given. Moreover, I think that the courts of this State are committed to the doctrine that the filing of these schedules constitutes constructive notice. In the *Gardiner Case (supra)* the tariff filed provided that " Wearing apparel only will be checked as baggage on tickets at fares named herein, and for such baggage belonging to one passenger this company will not accept a greater liability than $50." Judge HISCOCK, in writing for the court, says that the passenger must be charged with knowledge of the statute, section 38 of the Public Service Commissions Law, and " also with knowledge of the schedule heretofore quoted filed by respondent with the public service commission, pro-

viding, in case of such a ticket as she was using, ' Wearing apparel only will be checked as baggage on tickets at fares named herein, and for such baggage belonging to one passenger this company will not accept a greater liability.' " In that case, therefore, the shipper was held to have knowledge, both by a demurrer to an answer alleging knowledge and assent, and by a presumed knowledge of the schedules as filed with the Public Service Commission. In respect of this proposition, therefore, the decisions of the courts of this State may be held to be in harmony with the decisions of the courts of the United States in holding such presumed knowledge from the filing of the schedules with the Public Service Commission.

Upon the third objection I am unable to find any waiver on the part of the defendant of the limitation of liability contained in the schedules. In the first place the facts stipulated are that the shipper knew in a general way that express companies printed limitation of liability on their express receipts and checks, and that express companies were accustomed to charge an extra sum for liability beyond that limited. With that general knowledge of the custom of express companies, the plaintiff was put upon her inquiry and if she would claim exemption from this limitation of liability she must show that she used due diligence to obtain the specific information in view of her knowledge in a general way that such limitations were in fact imposed by express companies. A shipper with such general knowledge cannot shut her eyes and her ears and claim exemption by reason of lack of knowledge. In good faith, as well as under well-settled principles of law she is charged with actual knowledge where she has knowledge of facts sufficient to put her upon inquiry. This plaintiff was, therefore, bound to make inquiry as to the specific limitation of liability, and for failure to make the same she is charged with the knowledge that she would have obtained upon making such inquiry. This case is thus brought within the *Gardiner* case, in which the plaintiff's right to recover was limited by reason of her failure to pay the extra compensation in order to obtain the liability of the defendant to the extent of the greater value. It is claimed, however, that our courts go further and hold that a failure of a public service corporation to inquire as to value in itself constitutes a waiver

of such limitation. This, however, has never been held in a case where schedules have been filed which expressly impose a limitation of liability in case of the failure of the shipper to declare the greater value. In the *Robinson Case* (*supra*) it was held that section 38 did not of itself impose the limitation of liability. In that case, however, the schedules filed did not in any way impose a limitation of liability. It was held that the general instructions to the agents in the filed schedules not to inquire as to the value of the property constituted a waiver of a privilege given by the law for the benefit of the carrier. But that was a case wherein this direction annexed to the schedules filed was held to be a waiver. It was applicable to all shippers; therefore, it could not result in discrimination. Because of this fact, that case, which is the only decision in the Court of Appeals upon the right of waiver, may be distinguishable from the cases in the United States court which uniformly hold that the agent has no right to waive the limitation of liability when such limitation is lawfully placed thereupon. (*Southern Ry.* v. *Prescott*, 240 U. S. 632; *Georgia, Fla. & Ala. R. Co.* v. *Blish Co.*, 241 id. 190.) Cases are cited holding that the failure to inquire in itself constitutes a waiver of the limitation of liability, but those decisions are not decisions of the Court of Appeals, and they were all of them made in cases where the schedule filed with the Public Service Commission did not itself contain a rule imposing that limitation of liability. Upon principle the failure to inquire cannot constitute such a waiver of liability which otherwise would exist. The fact of waiver always rests upon intention voluntarily to relinquish a right. With the schedules filed by the association or common carrier imposing that limitation of liability, it cannot possibly be held that the failure of a local agent to make inquiry as to the excess value shows any intention on the part of the corporation voluntarily to relinquish any rights given to the corporation. The local agent would have no power, nor any presumed authority, to waive any such limitation when once that limitation is imposed by the act of the corporation in the filing of the schedules creating the same. It is true that the courts have sometimes spoken of a waiver where there is no voluntary relinquishment of a right, where the other party has been

led to a course of action in reliance upon some act done or admitted to have been done by the party claimed to have made the waiver. But that rests upon the principle of estoppel, and there are no facts in this case which introduce this element so as to make effective the act of the local agent in waiving the limitation of liability expressly imposed by the common carrier in the filing of the schedules. In the *Robinson* case, however, the argument was obiter, because the court had held that there was no limitation of liability created by section 38, and in that case no schedule had been filed by the carrier imposing such limitation, and also inasmuch as the right of waiver there claimed to have been established was a waiver by the corporation itself, applicable to all shippers. It is doubtful if that case can be held to be at variance with the universal current of authority in the Supreme Court of the United States, that the limitation of this liability cannot be waived. This is the only question upon which the courts of this State and the Federal courts can be held in any respect to be at variance, and the question is not necessarily here, because of the fact of the presumed knowledge of the shipper of the limitation of liability contained in the schedules filed, and of the lack of authority in any local agent to make such waiver after the corporation had placed a limitation of liability in its rules filed by permission of the statute with the Public Service Commission. Nor do I find any waiver by the transfer company of the provision of their schedule by the notice upon the receipt that the liability for baggage would be limited to $100 unless a rate for excess value were paid in excess of the regular charge. It might well be held that this attempt to charge rates in excess of the tariff filed was illegal. But to hold either upon the principle of waiver or estoppel that the company intended to relinquish all rights under its schedule filed, would be unwarranted by any rule of law. The only intention indicated would be to claim the limitation of liability in excess of the $150, if it were unable by voluntary contract to claim limitation of liability to $100.

Finally it is claimed that notices were not properly posted as is required by section 28 of the Public Service Commissions Law to make effective the schedules filed in pursuance of that

section. That section requires two notices to be exhibited in the station or office of the transportation corporation where the regular business of the carrier is transacted. In the Pennsylvania station there were two offices upon the main floor where the business was transacted, and in each the proper notices were posted. There was a movable desk which was taken down to what is called the mezzanine floor upon which passengers first come in leaving the trains. Upon this movable desk no such notice was exhibited. This statute then must be given a reasonable construction. As was stated in the opinion of the City Court, if a baggage agent goes through a train and takes baggage checks for transfer to different parts of the city, it would be unreasonable to hold that he must wear placards containing the notice required by the statute. The same situation is presented by servants collecting baggage at private residences. So this movable desk placed near the exit from the station platform is a matter of convenience for the passengers, as well as the transfer company, and to hold that upon this movable desk must be placed these posters is to my mind to give an interpretation to the law which is beyond reason and impracticable. I think within a reasonable reading of the law that the proper notices were exhibited when placed in the two offices upon the main floor of the station, and that the defendant has fully conformed with the requirements of section 28 of the Public Service Commissions Law so as to make effective its limitation of liability contained in its schedules filed under that section with the Public Service Commission.

The determination, therefore, should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Determination affirmed, with costs.