MARY W. LÆVETT, Respondent, *v.* SAMUEL W. F. DRAPER, as President, etc., Appellant.

(Supreme Court, Appellate Term, First Department, March, 1919.)

Statutes — intrastate shipments — when state courts not bound by interpretation by federal courts of a federal statute similar to a state statute.
Carriers — common — extent of liability of express company for loss of baggage — when statutory rights not waived.

In construing a state statute governing intrastate shipments the courts of this state are not bound by the interpretation of a federal statute by the federal courts even though the terms of both statutes are similar.

While the decision in *Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 145 App. Div. 391; affd., 203 N. Y. 627, construing section 38 of the Public Service Commissions Law, as it stood prior to the amendment of 1913, that a carrier could waive any of its rights thereunder, is binding upon the Appellate Term of the Supreme Court, the further holding that the carrier, upon the special facts of that case, had waived its rights to limit its liability, is applicable only to a similar state of facts.

When the plaintiff, a passenger on the Pennsylvania railroad, upon her arrival in the city of New York, delivered to the defendant, an express company, the check for her trunk which had been transported with her by the railroad company, with direction to carry it to her home address, she was not questioned as to its value and though she knew the regular charge for taking it from the railroad station and that the express company charged an extra sum for additional liability, she made no statement as to its value to defendant's representative. Before the trial of an action to recover, in excess of $150, for the loss of the trunk while in the custody of the defendant, it was stipulated that it had filed, posted and published, as required by the Public Service Commissions Law, a schedule of its rates which provided for an extra charge of ten cents per $100 on each article exceeding $150 in value, and according

32

to which the defendant was to assume no liability beyond $150, unless the passenger, at the time of delivery of baggage to defendant, declared a greater value and the rate thereon was paid or agreed upon in writing, for the assumption of the additional liability. Upon an appeal from a judgment in favor of plaintiff in excess of $150, *held,* that defendant had waived none of its statutory rights and that the judgment should be reversed and a new trial ordered.

Though the record did not show that the stipulation was entered into by inadvertence or that it did not truly represent the facts, it did appear that after both sides had rested and the trial judge had written an opinion upon which no formal decision had been entered, a separate appeal was taken from an order denying plaintiff's motion to be relieved from the stipulation on the ground that it was made not understanding that it included posting of defendant's tariffs and that plaintiff was prepared to show that they were not properly posted. *Held,* that the denial of the motion was not an abuse of discretion and that the appeal from the order entered thereon should be dismissed but without prejudice to a renewal of the motion.

APPEAL from a judgment and also an appeal from an order of the City Court of the city of New York, denying plaintiff's motion to be relieved from the effect of a stipulation signed by her attorneys and to permit the parties to offer evidence on the points covered by such stipulation.

Hill, Lockwood, Redfield & Lydon (R. L. Redfield, of counsel), for appellant.

Lee & Wadsworth (Joseph Day Lee, of counsel), for respondent.

LEHMAN, J. The plaintiff herein has recovered a judgment for the sum of $1,000, the value of a trunk which was lost while in the defendant's custody. It appears that the plaintiff was a passenger on the

Pennsylvania railroad, and that upon her arrival in this city she delivered to the defendant the check for her trunk which had been transported with her by the railroad company, and at the same time directed the defendant to carry the trunk to her home address. The plaintiff was not at that time questioned as to the value of the baggage and did not voluntarily make any statement of such value to the defendant's representative. She knew at that time that the regular charge for transporting a trunk from the Pennsylvania railroad station to her home was fifty cents, and also knew that the express companies charged an extra sum for additional liability. It was stipulated by the parties before the trial that a schedule of rates of the defendant was filed, posted and published by the defendant as provided in the Public Service Commissions Law. That schedule of rates contains the following clause:

" Limit of Liability $150.00 — The following baggage rates are in each instance based upon a valuation of $150 per piece. An extra charge of ten cents per hundred dollars will be made for each article exceeding said amount in value. The Company will not accept a greater liability than $150 for each piece of baggage, unless the true value thereof shall be stated by the owner at the time of delivery to the Company, and the rate based upon such increased value shall have been paid, or agreed upon in writing."

The only question that is raised upon this appeal is whether the defendant's liability is limited to the sum of $150.

Section 38 of the Public Service Commissions Law, as amended by chapter 344 of the Laws of 1913, provides that: " Every common carrier, baggage company, transfer company, and railroad corporation shall be liable for all loss, damage and injury to property car-

ried as baggage, whether in connection with the transportation of the owner or not, up to the full value, and regardless of the character thereof, but the value in excess of one hundred and fifty dollars shall be stated upon delivery to the carrier, and a written receipt stating the value shall be issued by the carrier, who may make a reasonable charge for the assumption of such liability in excess of one hundred and fifty dollars.'' The defendant claims its liability under that section is limited to $150; that the contract between the parties must be construed in accordance with its published schedule of rates of which the plaintiff should be presumed to have knowledge, and that since the schedule provided that the company would not accept a greater liability than $150 per piece unless the true value thereof shall be stated by the owner at the time of the delivery to the company, the plaintiff cannot recover any judgment for more than this amount. The plaintiff concedes that the contention of the defendant is in accordance with the decisions of the Federal court covering interstate shipments (*Boston & Maine R. Co.* v. *Hooker*, 233 U. S. 97), but claims that a different rule is applied by the courts in this state to intrastate shipments. *Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 145 App. Div. 391; affd., 203 N. Y. 627, on opinion of Miller, J.

It is well established that the courts of this state in determining the effect of a statute governing intrastate shipments are not bound by the interpretation put by the Federal courts on a Federal statute, even though the terms of the Federal statute are similar to the terms of the statute in force in this state. On the other hand, it seems anomalous that a traveler should be conclusively presumed to have notice of schedule of rates filed and published in regard to interstate shipments and should not be presumed to have notice

of schedules filed and published under the provisions of a statute of this state similar in language and purport to the Federal statute, but which concerns only intrastate shipments, and unless the Court of Appeals has clearly announced a view contrary to that expressed by the Supreme Court of the United States the courts of this state should not lightly disregard the decisions of the Supreme Court in regard to similar questions.  I cannot find that the Court of Appeals has ever stated its dissent from the conclusions arrived at by the Supreme Court, and in the case of *Gardiner* v. *N. Y. C. & H. R. R. R. Co.,* 201 N. Y. 387, its opinion to some extent expresses the same views as those expressed by the Supreme Court in the case of *Boston & Maine R. R. Co.* v. *Hooker, supra.*  It is true that in the case of *Robinson* v. *N. Y. C. & H. R. R. R. Co., supra,* the court held that even though the railroad company had filed a schedule of rates requiring additional payment for additional valuation, it would still be liable for the full value of baggage delivered to it if it waived the right given to it under section 38 of the Public Service Commissions Law to charge an additional sum for the assumption of liability beyond the sum of $150 or to limit its liability to the amount of the declared value of the baggage, but the court expressly refused to decide whether a passenger is chargeable with notice of the defendant's published tariff.

Its decision that section 38 of the Public Service Commissions Law gave the carrier rights intended for its own benefit and which it *could waive,* is binding upon this court, but so far as it based its decision that the carrier *had waived* its rights to limit its liability upon the special facts of that case, the decision is applicable to the present case only if the facts are

similar.   In both cases the carrier failed to ask the passenger to state the value of the baggage, but in the *Robinson* case the published tariff contained the provision addressed to agents: " Please understand you are not to inquire the value of baggage from the owners and it is only in those cases where owners voluntarily state value of their baggage at the time of checking that charge is to be made if any lot belonging to a single passenger exceeds $150." The court there stated: " In this case we have not only a failure to inquire but explicit instructions to agents not to inquire. Surely the carrier cannot complain of not being informed of what it did not wish to know." The court further stated: "According to the published tariff a charge for excess baggage was to be imposed only in case the owner voluntarily declared the amount of the excess. Even if the plaintiff was chargeable with notice of the defendant's tariff, which we are far from deciding, he was given the option of having his baggage carried without charge unless he wanted to declare its value."

In the present case it does not appear that the carrier had given any instructions to its agents not to inquire as to the actual value of the baggage, and according to the published tariff the defendant was to assume no liability beyond the sum of $150 unless the passenger declared a greater value, and the option given to the passenger was the option of having his baggage carried subject to that limitation or of declaring a greater value and paying an additional charge for the assumption of the additional liability. It seems to me that under these circumstances it is quite impossible to hold that the defendant waived any right given by the statute.

The question remains as to whether the court should

order a new trial or whether in view of the stipulation entered into between the parties it should reduce the judgment to the sum of $150. The record on the appeal from the judgment does not show that the stipulation was entered into by inadvertence or that it does not represent the true facts. There is, however, a separate appeal from an order denying a motion to be relieved from the stipulation made by the parties, after the parties had rested and the trial judge had written his opinion, though he had not yet entered formal decision thereon. Upon that motion the plaintiff's attorneys claimed that they had made the stipulation not understanding that it included posting of the tariff and that as a matter of fact they were prepared to show that the tariffs were not properly posted. In view of the status of the case when that motion was made, it would seem that the trial judge did not abuse his discretion by refusing to relieve the plaintiff from her stipulation and to reopen the case in order to take testimony in regard to this point. Upon a new trial, however, no harm can be done to either party if the true facts are elicited. It may be that the place where the defendant gave a receipt for the baggage does not constitute an office within the meaning of the statute, and that the defendant has actually posted the tariffs wherever required to do so. This point, however, can be decided better at the trial when all the evidence bearing upon this point is properly presented.

The judgment should, therefore, be reversed and new trial ordered, with costs to appellant to abide the event.

The order appealed from is in effect an interlocutory order, and the appeal therefrom should be dismissed without costs, and without prejudice to the

right of the plaintiff to make a new motion for the same relief.

WEEKS and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event. Order appealed from dismissed, with costs.