MARY W. LEVETT, Plaintiff, *v.* SAMUEL W. F. DRAPER, as President of New York Transfer Company,— Dodd's Express, a Joint Stock Association, Defendant.

(City Court of the City of New York, Trial Term, September, 1919.)

Carriers — common — extent of liability of express company for loss of baggage — meaning of word '' office ''— Public Service Commissions Law, § 28.

> A traveler, upon her arrival at the Pennsylvania Terminal depot in the city of New York, ascended from the platform to the mezzanine floor where a movable desk, two feet wide and thirty inches long, was located, having the name of defendant, a transfer company, painted on it, and which was furnished to defendant's agent in order to facilitate his writing out baggage receipts for the accommodation of passangers. In an action to recover for the loss of her trunk and its contents it was conceded that the notice of the filing of rates was duly posted by defendant in each of its two offices on the main floor of said depot. *Held,* that the desk, at or on which it was also conceded no notice of the filing of said rates was posted, was not an " office " within the meaning of section 28 of the Public Service Commissions Law and that defendant's liability was limited to $150 stated in its posted schedule of rates, for which amount plaintiff was entitled to judgment.

ACTION by a traveler for the loss of a trunk and contents.

Lee & Wadsworth (Joseph Day Lee, of counsel), for plaintiff.

Hill, Lockwood & Redfield (R. L. Redfield, of counsel), for defendant.

VALENTE, J. This case was tried before me without a jury. As the parties have agreed by stipulation

City Court of New York, September, 1919. [Vol. 108.

upon the material facts, it is unnecessary to review these in detail. The complaint sets forth a cause of action by a traveler for the loss of her trunk and contents thereof, which defendant undertook to carry from the Pennsylvania Terminal to plaintiff's residence at No. 1 West Seventy-second street, New York city. The defense relied upon at the trial was that defendant had duly filed and posted its schedule of rates as required by the Public Service Commissions Law (Laws of 1910, chap. 480, § 28); that by said schedule defendant had limited its liability to the sum of $150 for each piece of baggage; that plaintiff must be presumed to have knowledge thereof, and that her recovery should therefore be limited to said sum. At the first trial in this court judgment was rendered in favor of the plaintiff in the sum of $1,000. After the court's decision in plaintiff's favor, but prior to the entry of judgment thereon, plaintiff made a motion to reopen the case in order that testimony might be taken upon the issue whether the place where plaintiff received her baggage receipt was an "office" of the defendant within the purview of section 28, so as to require the posting of a notice of the schedule of rates thereat. Section 28 of the Public Service Commissions Law reads in part as follows: "Such schedules shall be plainly printed in large type, and a copy thereof shall be kept by every such carrier readily accessible to and for convenient inspection by the public in every station or office of such carrier where passengers or property are respectively received for tansportation, when such station *or* office is in charge of an agent, and in every station *or* office of such carrier where passenger tickets for transportation or tickets covering sleeping or parlor car or other train accommodation are sold or bills of lading or receipts for property are issued. All or any of such schedules kept as afore-

said shall be immediately produced by such carrier for inspection upon the demand of any person. A notice printed in bold type and stating that such schedules are on file with the agent and open to inspection by any person and that the agent will assist any such person to determine from such schedules any transportation rates or fares or rules or regulations which are in force shall be kept posted by the carrier in two public and conspicuous places in every such station *or* office.'' Italics mine. This section formerly required the posting of such schedules '' in every depot, station *and* office of every common carrier where passengers or property are received for transportation.'' Laws of 1907, chap. 429, § 28. But in 1910 the statute was modified by the legislature so as to read in the manner above quoted. On the motion to reopen the case plaintiff urged that the notice was not posted at the place where she received from the defendant her baggage receipt, which was a small movable desk situated in the mezzanine floor of the Pennsylvania Terminal, and which was used by defendant's agent for the purpose of writing out baggage receipts. It was and is conceded, however, that the schedule of rates was duly posted in large type in each of the two offices of the defendant on the main floor of the Pennsylvania Railroad Station. The learned trial judge who presided at the first trial in this court denied plaintiff's motion to reopen the case. Plaintiff appealed to the Appellate Term from the order denying her motion. Defendant also appealed from the judgment entered in plaintiff's favor. Both appeals were heard by the Appellate Term of the Supreme Court in February, 1919. The learned Appellate Term reversed the judgment entered in plaintiff's favor, but, instead of modifying the judgment so as to limit it to the sum of $150 and affirming it as modified,

the Appellate Term ordered a new trial, saying: " It may be that the place where the defendant gave a receipt for the baggage does not constitute an office within the meaning of the statute, and that the defendant has actually posted the tariffs wherever required to do so. This point, however, can be decided better at the trial when all the evidence bearing upon this point is properly presented." 106 Misc. Rep. 497. The trial held before me was for the purpose, I understand, of passing upon the single issue, therefore, whether or not the place where plaintiff received her baggage check from the defendant was an "office" of the defendant within the purview of section 28 of the Public Service Commissions Law, *supra,* so as to require a notice of the filing of the schedule of rates to be posted there. I have reached the conclusion that the place where plaintiff received her baggage check was not an office within the fair meaning of section 28. It appears from the conceded facts that when plaintiff arrived at the Pennsylvania Terminal she ascended from the platform where the trains arrive to the mezzanine floor, where a small desk two feet wide and thirty inches long is located. This desk has the name of the defendant company painted upon it, and is furnished by the company to its agent, in order to facilitate his writing out baggage receipts for the accommodation of incoming passengers. The said desk is not fixed to the floor, nor is it permanently located at any one point, but, on the contrary, is moved about freely from place to place whenever necessary. It is conceded that no notice of the filing of rates was posted at or on said desk, but it is conceded that notice of the filing of rates was duly posted by defendant in each of its two offices on the main floor of the said Pennsylvania Terminal Depot. As I understand the plaintiff's contention, she urges

that this little movable desk was an " office " within the meaning of section 28, and that the failure to post the schedule thereat rendered the limitation of liability to the sum of $150, contained in defendant's schedule of rates, ineffectual and inoperative. I do not think that it can fairly be claimed that the desk is itself an " office " within the meaning of this section. Every place where receipts for property are issued is surely not an office. Suppose defendant's baggage agent walked through the train as it arrived at the depot and issued receipts in exchange for baggage. Could it fairly be argued that the agent, by reason of issuing said receipt, would be constituted an office so as to require the posting of the schedule of rates in two conspicuous places upon his person? It is equally true that defendant's little movable desk cannot fairly be regarded as an office. Defendant's office was its regular place of business in the Pennsylvania Depot — the place where its business was regularly conducted. At said office, the notice was duly posted, as required by statute. A place where receipts for baggage are issued from time to time, which is also a place where some of the business of the common carrier is conducted, is not, in my judgment, an office where the notices required by statute are to be posted, and I think that the defendant has sufficiently posted the tariffs in such places as it is required to do. I am satisfied, in view also of the changed wording of the statute, that the defendant has sufficiently complied with the intention of the law, since its schedules were kept posted by it " in two public and conspicuous places in the station or office maintained by it in the Pennsylvania Railroad Terminal." The learned counsel for the plaintiff contends that section 28 of the Public Service Commissions Law quoted, *supra,* was enacted by the legislature for the purpose of affording to the public actual

40

City Court of New York, September, 1919.    [Vol. 108.

notice of the contents of the schedule of rates. I do
not agree with this contention. In fact the Supreme
Court of the United States has held that a schedule of
rates is binding even though no notice thereof is posted
at all. *Kansas City S. R. Co.* v. *Carl,* 227 U. S. 639,
652; *American Exp. Co.* v. *United States Horseshoe
Co.,* 244 id. 57, 65; *Boston & Maine R. R.* v. *Hooker,*
233 id. 97. Thus, in the *Hooker Case, supra,* the
court specifically held that the schedule had the
force of law and was binding upon all shippers,
irrespective of actual knowledge. This point has
never been decided by the Court of Appeals of this
state, but, to my mind, the decisions of the United
States Supreme Court in construing similar legisla-
tion are not to be lightly passed over. For these
reasons I hold that judgment should be awarded
to the plaintiff in the sum of $150, but, in view of
defendant's offer of judgment, dated June 7, 1918, the
defendant is entitled to costs as from said date.

Judgment for plaintiff.